ORIGINAL

AUG 17 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 3:01-CV-1301-L |
| FOREIGN MEDICAL GRADUATES, | § | |
|     Defendant. | § | |

## ORIGINAL ANSWER OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

Educational Commission for Foreign Medical Graduates ("ECFMG"), Defendant, files its Answer to the Complaint of *Pro Se* Plaintiff Jamal Elhaj-Chehade ("Chehade") and would respectfully show the Court as follows:

1. ECFMG denies the conclusions of law stated in Paragraph 1 of the Plaintiff's Complaint. ECFMG further states that the Plaintiff has not pled any facts in support of his conclusion of law against ECFMG. ECFMG further denies that the Plaintiff has standing to challenge the corporate status of ECFMG.

2. ECFMG denies the conclusion of law stated in Paragraph 2 of the Plaintiff's Complaint. ECFMG further states that the Plaintiff has not pled any facts in support of his conclusion of law against ECFMG. ECFMG further states that the Honorable Magistrate Judge Jane Boyle previously granted summary judgment in favor of ECFMG on this issue in Civil Action No. 3:99-CV0680-BC, *Jamal Elhaj-Chehade v. ECFMG, et al.*, pending in the United States District Court for the Northern District of Texas now on appeal in the Fifth Circuit as Appeal No. 01-10147.



3. ECFMG denies the conclusion of law stated in Paragraph 3 of the Plaintiff's Complaint. ECFMG further states that the Plaintiff has not pled any facts in support of his conclusion of law against ECFMG. ECFMG further states that the Honorable Magistrate Judge Jane Boyle previously granted summary judgment in favor of ECFMG on this issue in Civil Action No. 3:99-CV0680-BC, *Jamal Elhaj-Chehade v. ECFMG, et al.*, pending in the United States District Court for the Northern District of Texas now on appeal in the Fifth Circuit as Appeal No. 01-10147.

4. ECFMG denies the conclusion of law stated in Paragraph 4 of the Plaintiff's Complaint. ECFMG further states that the Plaintiff has not pled any facts in support of his conclusion of law against ECFMG. ECFMG further states that the Honorable Judge Jane Boyle previously granted summary judgment in favor of ECFMG on this issue in Civil Action No. 3:99-CV0680-BC, *Jamal Elhaj-Chehade v. ECFMG, et al.*, pending in the United States District Court for the Northern District of Texas now on appeal in the Fifth Circuit as Appeal No. 01-10147.

5. ECFMG denies the conclusion of law stated in Paragraph 5 of the Plaintiff's Complaint. ECFMG further states that the Plaintiff has not pled any facts in support of his conclusion of law against ECFMG.

6. ECFMG denies the conclusion of law stated in Paragraph 6 of the Plaintiff's Complaint. ECFMG further states that the Plaintiff has not pled any facts in support of his conclusion of law against ECFMG. ECFMG further states that the Honorable Judge Jane Boyle previously granted summary judgment in favor of ECFMG on this issue in Civil Action No. 3:99-CV0680-BC, *Jamal Elhaj-Chehade v. ECFMG, et al.*, pending in the United States District

Court for the Northern District of Texas now on appeal in the Fifth Circuit as Appeal No. 01-10147.

## AFFIRMATIVE DEFENSES

7. ECFMG objects to the Plaintiff's Complaint as it avers no facts upon which his claims for relief are based.

8. ECFMG, without admitting the averments of Plaintiff, and in the strict alternative, asserts the defense of limitation against all claims of Plaintiff. 18 U.S.C.A. § 1961 *et seq.* (West 2000); 15 U.S.C.A. § 15(b) (West 2000); and TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.002(a), 16.003(a), 16.051 (Vernon 1997 and Supp. 2000).

9. ECFMG, in the strict alternative and without admitting any of the averments of Plaintiff herein, asserts the defense of intervening acts of third parties who caused and contributed to the Plaintiff's failure to obtain credentials sufficient to support an ECFMG certification.

10. ECFMG, in the strict alternative and without admitting any of the averments of Plaintiff herein, asserts that the acts or omissions of Plaintiff caused and contributed to the Plaintiff's failure to obtain credentials sufficient to support an ECFMG certification.

11. ECFMG would show that any injury or damage to the Plaintiff resulted from the acts, omissions, faults, misuse and/or negligence of Plaintiff for whom ECFMG is in no way responsible. ECFMG denies that it is in any way responsible for any such alleged injury or damages suffered by Plaintiff and states that each such action, or inaction of Plaintiff was the sole cause, or alternatively a proximate, producing, intervening or comparative cause of any such alleged injuries, or damages of Plaintiff.

12. ECFMG would show that any injury or damage to the Plaintiff resulted from the acts, omissions, faults, misuse and/or negligence of other third parties for whom ECFMG is in no way responsible. ECFMG denies that it is in any way responsible for any such alleged injury or damages and state each of the actions, and/or inactions on the part of others, either parties to this action or not, individually or collectively, was or were the sole cause of, or alternatively, a proximate, producing, intervening, contributing, or comparative cause of any such alleged injuries or damages allegedly sustained by Plaintiff.

13. In the strict alternative and without admitting any averments of Plaintiff, Defendant is a not for profit organization entitled to the limitations of liability provided in the Charitable Immunity and Liability Act of 1987, TEX. CIV. PRAC. & REM. CODE §84.001 *et seq.*

14. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts that Plaintiff has failed to state a claim upon which relief can be granted.

15. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of estoppel.

16. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of comparative responsibility.

17. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of failure of consideration.

18. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of laches.

19. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of sole proximate cause and fault of third parties over which ECFMG had no control.

20. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of waiver.

21. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts the defense of penalty for punitive and exemplary damages.

22. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts that the Plaintiff has no standing to challenge the tax liability of ECFMG.

23. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts that Judge Boyle previously granted summary judgment in favor of ECFMG in Civil Action No. 3:99-CV0680-BC, *Jamal Elhaj Chehade v. ECFMG, et al.* on the purported causes of action identified in Plaintiff's Complaint in Paragraphs 2, 3, 4, and 6. As such, Defendant asserts that the purported causes of action contained in Paragraphs 2, 3, 4, and 6 are subject to *res judicata* and Defendant asks this Court to take judicial notice of Judge Boyle's Memorandum Opinion and Order in Civil Action No. 3:99-CV0680-BC, *Jamal Elhaj Chehade v. ECFMG, et al.*

24. Further, pleading in the strict alternative and without admitting any averments of Plaintiff, ECFMG asserts that the purported causes of action contained in Paragraphs 2, 3, 4, and 6 of the Plaintiff's Complaint are presently before the Fifth Circuit Cause of Appeals in Cause No. 01-10147, *Jamal Elhaj-Chehade v. Educational Commission for Foreign Medical Graduates, a/k/a ECFMG or ECFMG/USMLE (Entities and Individuals)* and as such, the Court

does not have jurisdiction over the purported causes of action contained in Paragraphs 2, 3, 4, and 6 of the Plaintiff's Complaint.

WHEREFORE, PREMISES CONSIDERED, the Educational Commission for Foreign Medical Graduates prays that upon final hearing of this matter, the Court enter judgment that Plaintiff take nothing by reason of his amended Complaint and that all other relief be denied, and for all other relief to which ECFMG may show itself to be justly entitled.

Respectfully submitted,

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Barry A. Moscowitz
State Bar No. 24004830

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.
6688 N. Central Expressway, Suite 850
Dallas, Texas 75206-3913
(214) 219-8833
(214) 219-8866 – Fax

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of August, 2001, a true and correct copy of the above and foregoing document was served upon the following party appearing *in forma pauperis* of record via certified mail, return receipt requested:

Jamal Elhaj-Chehade
5414 Cedar Springs, #806
Dallas, Texas  75235

Barry A. Moscowitz

K \35200\02\pldgs\answer doc