

ORIGINAL

NORTHERN DISTRICT OF TEXAS
SEP - 6 2001
CLERK, U.S. DISTRICT COURT
By _____ Deputy

ENTERED U.S.D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-1301-L |
| | § | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiff's First Motion for a Change of Venue (or the Alternatives), filed September 4, 2001. The motion is nearly unintelligible. After repeated perusals, the only requested relief that the court can detect (which has nothing to do with the question of venue) is permission to include both federal and state causes of action in the case. To the extent that the complaint asserts both federal and state causes of action,* no such request is required at this time. A federal court normally can exercise supplemental jurisdiction over state law claims, as long as the claims are part of the same case or controversy as those claims over which the court has original jurisdiction. 28 U.S.C. § 1367. The court further notes that Plaintiff asserted diversity jurisdiction in his claim, which independently would support a cause of action based on state law, and Defendant has not filed a motion to dismiss for lack of jurisdiction. There is no need to move for the relief requested at this time. Plaintiff's motion is therefore **denied without prejudice as moot**.

---

* The complaint is equally unintelligible.

**Order - Page 1**



The court further notes that this complaint may overlap, in part or in whole, with the claims already dismissed with prejudice in *Elhaj-Chehade v. Educational Comm'n for Foreign Medical Graduates*, Civ. Act. No. 3:99-CV-0680-BC. If so, reassertion of the claims is improper, and barred by *res judicata*. He must seek relief on appeal rather than through re-filing the same claims in a new case.

The court notes that Plaintiff is proceeding *pro se* and *in forma pauperis*. Pleadings of *pro se* plaintiffs are to be liberally construed and are not to be held to the same stringent standards as those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, *pro se* plaintiffs are still required to comply with the Federal Rules of Civil Procedure and the Local Rules of this court, and are expected to communicate their arguments clearly. If Plaintiff cannot comply with these requirements and expectations, he is advised to seek legal representation.

**It is so ordered** this 6th day of September, 2001.

Sam A. Lindsay
United States District Judge

**Order - Page 2**