

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 3:01-CV-1301-L |
| FOREIGN MEDICAL GRADUATES, | § | |
|     Defendant. | § | |

## STATUS REPORT

Educational Commission for Foreign Medical Graduates ("ECFMG"), Defendant, and Jamal Elhaj-Chehade ("Chehade"), pro se Plaintiff, submit this Status Report in compliance with this Court's order dated August 21, 2001.

### I.    STATEMENT REGARDING ATTORNEY CONFERENCE

The parties met in person on August 29, 2001 in compliance with this Court's order dated August 21, 2001. During the in person conference, ECFMG attempted to discuss each and every item listed in this Court's order. ECFMG contends that Chehade was unable to coherently discuss the matters contained in this Court's order and further contends that Chehade was unable to discuss his claims for relief in an intelligible manner.

Chehade indicated that he believes that Magistrate Judge Jane Boyle, who presided over the case of *Jamal Elhaj-Chehade v. Educational Commission for Foreign Medical Graduates, et al*, Cause No. 3:99-CV0680, is corrupt and had ex parte conversations with ECFMG and submitted as proof, the fact that she granted summary judgment in favor of ECFMG in the prior litigation. Chehade further indicated that each and every action taken by this Court that displeases him in any way, will result in a new cause of action against ECFMG. ECFMG



believes that Chehade was unable to have a rational discussion about this case and as a result, it has limited the ability of ECFMG to prepare this report.

## II. DISCOVERY PLAN

### A. Discussion of Rule 26(f)(1)

Chehade has indicated that he will use the same evidence in this case as he used in *Jamal Elhaj-Chehade v. Educational Commission for Foreign Medical Graduates, et al,* Cause No. 3:99-CV0680, plus additional "new" evidence which he will not describe.[1] Chehade indicated that he obtained this "new" evidence in January of 2001. Chehade has indicated that the claims for relief in this lawsuit are the same as those in the previous suit and that he will continue to file lawsuits against ECFMG each time the Court does not rule in his favor and each time ECFMG does not give him what he wants. Chehade does not wish to serve written discovery on ECFMG. ECFMG requests that this Court excuse the parties from the requirements of the initial disclosures listed in Rule 26(a)(1) and instead allow ECFMG to serve written discovery on Chehade so that it can obtain this "new" evidence.

### B. Discussion of Rule 26(f)(2)

Chehade indicated that he will use the same documents and "evidences" that he used in his previous lawsuit that is currently on appeal. Chehade further indicated that he had other "new" evidence, which he would not disclose. Chehade claims that he obtained this "new" evidence in January of 2001. Chehade also indicated that he did not wish ECFMG to produce any documents or respond to any interrogatories or requests for admissions.

Chehade requested that he be allowed to depose Dr. Nancy Gary, who is the President of ECFMG. Chehade indicated that he will not depose any other "underlyings" at ECFMG.

---

[1] For a detailed discussion of that case, please see Section III of this Status Report. That case is currently on appeal before the Fifth Circuit Court of Appeals, Cause No. 01-10147.

Chehade indicated that he would like to depose Dr. Gary on the same issues involved in his previous lawsuit that is currently on appeal.[2]

ECFMG objects to the deposition of Dr. Nancy Gary, as she has no personal knowledge of the facts surrounding this case. ECFMG further objects to the deposition of Dr. Gary as Chehade has failed to first take the deposition(s) of others at ECFMG who may have factual knowledge of this case.

ECFMG is entitled to the "new" evidence that Chehade indicates that he has and requests that this "new" evidence be produced ECFMG requests that it be allowed to serve written discovery requests on Chehade and take his deposition. Chehade objects to ECFMG's request.

B.  *Discussion of Rule 26(f)(3)*

The parties have no changes regarding the requirements listed under Rule 26(f)(3).

C.  *Discussion of Rule 26(f)(4)*

Should Chehade file a notice to take the deposition of Dr. Nancy Gary, ECFMG requests that this Court enter a protective order in accordance with the arguments put forth in this Status Report as well as any motion filed by ECFMG. Further, Chehade has requested that ECFMG make available all of its financial statements and tax returns. ECFMG asks this Court for an entry of a protective order as Chehade has no standing to bring a claim challenging ECFMG's 501(c)(3) status and his request is designed solely to harass ECFMG. Further, Chehade has not pled that ECFMG acted with malice or requested exemplary/punitive damages.

---

[2] Chehade noticed Dr. Nancy Gary's deposition in his previous lawsuit that is currently on appeal. ECFMG filed a motion for a protective order. In that motion, ECFMG asserted that Dr. Nancy Gary had no personal knowledge of the facts relevant to this case and further, Chehade did not first depose other employees of ECFMG to determine if others possessed relevant information. A hearing was held before Magistrate Judge Boyle and during that hearing, Chehade indicated he did not want to depose anyone other than Dr. Gary. Magistrate Judge Boyle granted ECFMG's motion for protective order.

Based on Chehade's behavior during the in person conference and his inability to coherently or intelligibly discuss this case or his claims for relief, ECFMG requests that deposition of Chehade occur before this Court.

ECFMG suggests the following discovery plan:

|      |                                                                                                  |
|------|--------------------------------------------------------------------------------------------------|
| i.   | All motions to join other parties and amend pleadings filed no later than November 30, 2001;     |
| ii.  | All experts must be disclosed by March 15, 2002;                                                 |
| iii. | All discovery must be completed by April 1, 2002;                                                |
| iv.  | All pretrial motions, including summary judgment must be filed April 30, 2002.                   |

The parties request no other order from the Court at this time.

### III.  NATURE OF CASE AND CONTENTION OF PARTIES

The six (6) claims for relief in Chehade's Original Petition are as follows: (1) violation of the tax code and fraud and violation of the non profit status including 501(c)(3) and contract and corruption; (2) illegal seizure and retention of the Plaintiff's property, denial access to use and contract; (3) emotional distress and alienation; (4) double jeopardy; (5) public nuisance; and (6) interference with the Plaintiff's right to work.[3] Chehade's claims for relief stem from his failure to gain admission into a medical residency program. Chehade claims he has been unable to gain admission into a medical resident due to the actions of ECFMG.

ECFMG contends these allegations are the same allegations made against ECFMG in Chehade's previous lawsuit. Reassertion of his claims is improper and barred by *res judicata*.

By way of background, ECFMG, through its program of certification, assesses the readiness of graduates of foreign medical schools to enter residency or fellowship programs in the United States that are accredited by the Accreditation Counsel for Graduate Medical Education ("ACGME"). As part of the certification process, a candidate must take three

---

[3] The wording of these allegations is taken directly from Chehade's Original Petition.

examinations establishing competency in certain subjects and ECFMG must verify that a foreign medical school graduate has a Doctor of Medicine or equivalent degree from a medical school listed in the *World Directory of Medical Schools*. This latter part of the certification process is known as the medical credentials verification process.

To be eligible for ECFMG certification, graduates of foreign medical schools must pass the Foreign Medical Graduate Examination In The Medical Sciences ("FMGEMS"). The FMGEMS contains three components: (1) Basic Medical Science Component; (2) Basic Clinical Science Component; and (3) an English Test. If a foreign medical school graduate is not admitted to an accredited graduate medical education program in United States, the ECFMG certificate will lapse two years from the date when the medical graduate passes the English Test component of the FMGEMS. The certificate can be re-validated by the candidate re-taking and passing the ECFMG English test or its equivalent recognized examination, the Test of English as a Foreign Language ("TOEFL").

An ECFMG certificate does not guarantee that its holder will be accepted into any medical residency program.

All medical education information provided to ECFMG must be verified by the ECFMG from the appropriate officials of the foreign medical schools. The verification process for medical credentials can, in some instances, be lengthy due to the processing protocol of the respective institutions, existing infrastructure in the foreign country, including postal conditions or any civil unrest in the country in which the graduate attended medical school. ECFMG does not have any control over a foreign country medical school's processing and verification of a candidate's medical credentials.

ECFMG attempted to verify Chehade's medical credentials from the medical school he attended in Romania. No response to ECFMG's inquiries was ever received by the ECFMG until the credentials were finally verified in July 1990.

As an alternative method of verifying his credentials, ECFMG sent Chehade three attestation forms and, later, the names of doctors licensed to practice medicine in the United States who went to the same medical school as the Chehade at the same time. ECFMG required three (3) of these doctors to verify that the Chehade attended medical school with them and that they personally knew him. It was the Chehade's responsibility to contact these doctors, secure their attestations, and return the three (3) attestations to the ECFMG. Chehade never did this, despite receiving the attestation forms and, upon Chehade's request, names of doctors that the ECFMG was able to discern met the attestation criteria.

Eventually, ECFMG was able to verify Chehade's medical credentials. Chehade had taken the required examinations numerous times before he passed all three parts and, once he passed all three parts and his credentials were verified, he was timely issued an ECFMG standard certificate. An ECFMG standard certificate in no way guarantees acceptance into a residency program. The certificate means that Chehade would be eligible for entry into an accredited medical residency program if he was chosen for employment by that program. Chehade has never been chosen for entry into any accredited medical residency program in the United States.

In 1993, Chehade's visa expired and was non-renewed by the United States Immigration and Naturalization Service. Chehade was forced to leave the United States. He returned to Lebanon for three years. In September 1996, Chehade returned to the United States. By that time, Chehade's ECFMG standard certificate had lapsed due to the expiration of this English equivalency examination. Chehade took the English examination equivalent to re-validate the

English examination component of his ECFMG certificate in January 1997. The ECFMG promptly provided a validation sticker to Chehade for his ECFMG standard certificate upon receipt of his successful test results for the English examination.

The English examination component is only valid for two (2) years unless an individual is enrolled in a medical residency program. After two years, an individual must re-take the English examination in order to be issued a new certificate. In the instant case, Chehade's certificate issued in January of 1997 would have expired in January of 1999. Chehade has never re-taken the English examination component and therefore, does not currently possess a valid certificate. Further, Chehade has never presented any evidence that he applied to a medical residency program and moreover, has never presented any evidence that he was rejected from a medical residency program because of any action/inaction of ECFMG.

Chehade previous suit against ECFMG arose out of the factual scenario previously described in this Section. Chehade sought the following claims for relief in his previous lawsuit; (1) negligence; (2) civil conspiracy; (3) intentional infliction of emotional distress; (4) constitutional claims under the 14th Amendment and Section 1983; (5) slavery and other constitutional claims; (6) defamation/libel; (7) breach of contract, (8) civil RICO; and (9) antitrust. Summary judgment was granted as to each of Chehade's claims for relief based on the statute of limitations and failure to present evidence. For the Court's convenience, a copy of Magistrate Judge Boyle's Memorandum Opinion and Order are attached to and made a part of this Status Report as *Exhibit A*.

No new facts have occurred since Chehade filed his original lawsuit in March of 1999. Chehade's new allegations contained in his Original Complaint all arise out of the same

transaction as described in this Section. As such, ECFMG contends that they are barred by the status of limitations and *res judicata*.

ECFMG contends that there is no cause of action called "Double jeopardy," as is alleged in Chehade's original complaint. As such, Chehade cannot recover against ECFMG under this theory. ECFMG contends that Chehade cannot state a claim for which relief can be granted for his allegation of "Public Nuisance."

ECFMG contends that Chehade does not have standing to bring a cause of action against ECFMG based on their 501(c)(3) status. Justice Stewart, in his concurring opinion in *Simon v. Eastern Ky. Welfare Right Org.,* 426 U.S. 26, 96 S.Ct.1917 (1976), stated that he could not "imagine a case, at least outside the First Amendment area, where a person whose own tax liability was not affected every could have standing to litigate the federal tax liability of someone else." *Id.* 426 U.S. at 46, 96 S.Ct. at 1928 (Stewart, J., concurring). While this concurring opinion does not constitute binding precedent on this Court it does denote the problems attendant upon the establishment of standing in tax cases where the litigant seeks to attach the tax exemption of a third party. *See Fulani v. Brady,* 935 F.2d 1324, 1327 (1991).

ECFMG further contends that Chehade's complaint has failed to state a claim upon which relief can be granted.

While Chehade claims to have suffered various physical injuries and other damages such as mental anguish, Plaintiff has failed to provide any documented evidence of these damages. Plaintiff has also failed to plead any damages associated with his failure to gain acceptance into a medical residency program.

Chehade knew about his alleged injuries and his perceived wrongdoing of ECFMG as early as 1990 as evidenced by the Chehade's own admissions in letters to the *Dallas Morning*

*News*, Senator Phil Gramm and Congressman John Bryant. Chehade did not file his previous lawsuit until March 29, 1999. There was no excuse to wait nearly ten (10) years to bring these claims and accordingly, Magistrate Judge Boyle granted ECFMG's Motion for Summary Judgment. Chehade filed this new lawsuit on July 6, 2001. No new facts have occurred since Chehade filed his old lawsuit on March 29, 1999. Chehade's claims must be dismissed as they are improper and barred by *res judicata*.

## IV. CHALLENGE TO JURISDICTION OR VENUE

ECFMG does not challenge the jurisdiction of this Court or the venue. Chehade does challenge this Court's jurisdiction and venue as he contends that Magistrate Judge Boyle acted improperly in granting ECFMG's motion for summary judgment. Chehade further challenges this Court's jurisdiction and venue in the future should the Court enter an order that is not to his liking. Chehade has recently filed a Motion to Transfer Venue which was denied without prejudice as moot.

## V. PENDING/CONTEMPLATED MOTIONS AND TIME LIMITS FOR MOTIONS

Chehade does not contemplate any motions at this time, with the exception of his pending Motion to Transfer Venue. However, he may file various, unspecified motions depending on what actions this Court takes or does not take. Chehade has further indicated that he may file various, unspecified motions depending on what actions ECFMG takes or does not take. Chehade did not provide any time limits for filing these various, unspecified motions.

ECFMG anticipates filing its Rule 12 motions by October 30, 2001. If necessary, ECFMG will file a motion for summary judgment in accordance with the Federal Rules of Civil Procedure or the deadlines prescribed by this Court.

## VI. MATTERS REQUIRING A CONFERENCE

Based on Chehade's behavior during the in person conference and his inability to coherently or intelligibly discuss this case or his claims for relief, ECFMG requests that this Court order the parties to appear before this Court to discuss the matters contained in this Status Report and for Chehade to explain to this Court why he will not reveal his "new" evidence. Additionally, ECFMG requests that this Court order the parties to appear before this Court to discuss Chehade's threat to file new lawsuits against ECFMG if the Court does not rule in his favor. ECFMG requests that this Court order the parties to appear for a conference to discuss Chehade's threat to file lawsuits against ECFMG until ECFMG pays his settlement demand.

Further, Chehade has indicated that he believes he is representing the United States of America as well as the U.S. Department of Justice and he will not engage in any discussion that suggests that he is not representing those entities. Chehade will not mediate without those parties present. ECFMG requests a conference on this matter.

## VII. JOINDER OF OTHER PARTIES

ECFMG does not anticipate joining any other parties. Chehade contends that he represents the United States and the U.S. Department of Justice. He feels that he does not have to join them as parties, as he is already representing them, but will do so if ordered by this Court. ECFMG objects to the joinder of the United States or the U.S. Department of Justice as there have never been any facts alleged that would give rise to the joinder of those two parties.

Chehade further anticipates joining U.T. Southwestern through a motion to consolidate. Chehade contends that this case is related to his cases currently pending against U.T. Southwestern. ECFMG objects to the two cases being consolidated, as they are not related.

Magistrate Judge Boyle has previously denied Chehade's motion to consolidate in the previous litigation and this litigation is factually identical to his previous litigation.

VIII. **DESCRIPTION OF DISCOVERY PLAN**

See Section II of this Status Report.

IX. **STATEMENT REGARDING *DONDI* DECISION**

Counsel for ECFMG has read the *Dondi* case and has read and is familiar with the district's Civil Justice Expense and Delay Reduction Plan as revised in May of 1998.

Chehade has not read either the *Dondi* case or the district's Civil Justice Expense and Delay Reduction Plan but intends on doing so.

X. **REQUESTED TRIAL DATE**

Chehade felt that he would be ready for trial in eighteen (18) months. ECFMG disagrees with that time frame. Chehade estimated a one day trial and indicated that he has demanded a jury and specifically asked ECFMG to inform this Court that he demands a public trial. ECFMG feels that this trial could take up to three (3) days. ECFMG has not demanded a jury at this time.

XI. **CONSENT BEFORE MAGISTRATE JUDGE**

Chehade is not agreeable to consent to trial before Magistrate Judge Paul D. Stickney at this time. ECFMG has no objection to proceeding before Magistrate Judge Stickney.

XII. **PROSPECTS FOR SETTLEMENT/SETTLEMENT STATUS**

There are no realistic prospects for settlement. During the attorney conference, Chehade made the following settlement demand:

  A. $750,000 for the past three years;

  B. $250,000 per year for life once he does become employed as a doctor;

  C. $10,000,000 in mental anguish; and

        D.    ECFMG get him admitted into a medical residency program.

ECFMG is not a placement service or an employment agency. ECFMG verifies the credentials of foreign medical graduates and administers a medical equivalency examination and an English proficiency examination. Once ECFMG has verified that an applicant attended and graduated from the foreign medical school claimed, and after the applicant has passed the medical equivalency examinations and the English proficiency examination, the applicant receives a certificate from ECFMG indicating that the applicant has met all requirements. This certificate does not guarantee admission into a medical residency program. Further, ECFMG does not control the decision of a residency director as to whether to admit an applicant into a given residency program. Consequently, ECFMG has no ability to secure Chehade's admission into a medical residency program and has no ability to secure his employment in the medical profession.

Chehade is unwilling to accept anything less than his settlement demand listed above and has indicated that if he loses this case, he will file another one against ECFMG until it pays him what he wants.

## XIII. AGREEMENT TO MEDIATE

Chehade is only willing to mediate if the United States, the IRS, and the U.S. Department of Justice are present. ECFMG does not believe that mediation would be beneficial.

## XIV. OTHER MATTERS RELEVANT TO STATUS AND DISPOSITION

None.

Respectfully submitted,

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Barry A. Moscowitz
State Bar No. 24004830

HENSLEE, FOWLER, HEPWORTH
 & SCHWARTZ, L.L.P.
6688 N. Central Expressway, Suite 850
Dallas, Texas 75206-3913
(214) 219-8833
(214) 219-8866 – Fax

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of September, 2001, a true and correct copy of the above and foregoing document was served upon the following party appearing *in forma pauperis* of record via certified mail, return receipt requested:

Jamal Elhaj-Chehade
5414 Cedar Springs, #806
Dallas, Texas 75235

_____
Barry A. Moscowitz

K:\35200\02\pldgs\status.report.doc