IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FEB 27 2002

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, <br> Defendant. | § § § § | 3:01-CV-01301-L |

**BRIEF IN SUPPORT OF DEFENDANT
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
MOTION TO EXCUSE THE PARTIES FROM MEDIATION**

The **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES** ("ECFMG"), Defendant, files its Brief in Support of Defendant Educational Commission for Foreign Medical Graduates' Motion To Excuse The Parties From Mediation and in support of same would respectfully show the Court as follows:

### I. FACTUAL BACKGROUND

The *pro se* Plaintiff Jamal Elhaj-Chehade ("Plaintiff") has sued ECFMG alleging the following causes of action; (1) violation of 501(c)(3); (2) illegal seizure and retention of Plaintiff's property and denial of access to use and contract; (3) emotional distress and alienation; (4) double jeopardy; (5) public nuisance; and (6) interference with the Plaintiff's right to work. (APP001). Although the Plaintiff's Original Petition is completely absent of facts, ECFMG believes that the Plaintiff is once again alleging that the ECFMG has prevented the

Plaintiff from gaining acceptance into a medical residency training program. However, ECFMG was granted summary judgment on this issue by Judge Boyle on January 4, 2001.[1]

On September 28, 2001, this Court entered an order that required the parties to mediate this case on or before March 29, 2002. (APP002). In an effort to comply with this Court's order, counsel for the Defendant has attempted to contact the Plaintiff by telephone regarding mediation no less than three (3) times. (APP003). Defendant has been unable to communicate with the Plaintiff via telephone. *Id.* Further, Defendant has contacted the Plaintiff via e-mail regarding this Court's mediation order and the Plaintiff has refused to mediate this case with anyone other than this Court. (APP004, APP009, APP010).

Furthermore, the Plaintiff has continued to threaten ECFMG with lawsuits if he does not get what he wants from either the Courts or ECFMG. Recently, the Plaintiff filed a document with the Fifth Circuit Court of Appeals that indicated that if the Court did not grant him the relief sought, he would continue to file lawsuits against ECFMG, its lawyers and the judges (including Judge Boyle) and drag them "into the mud of the court." (APP008)

Furthermore, Defendant has made numerous reasonable settlement offers to the Plaintiff, and each has been responded to with a settlement demand in excess of three hundred million dollars. (APP004).

## II. ARGUMENT AND AUTHORITIES

### A.  Standard of Review

The district court judge is authorized to enter a scheduling order that requires the use of "special procedures to assist in resolving the dispute . . . ." Fed.R.Civ. P. 16(c)(9). Parties in a

---

[1] Recently, the Fifth Circuit Court of Appeals dismissed Plaintiff's appeal of the summary judgment as frivolous and has denied his Motion for Rehearing. Additionally, the Fifth Circuit has issued its mandate to the District Court.

BRIEF IN SUPPORT OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MOTION TO EXCUSE THE PARTIES FROM MEDIATION – Page 2

civil suit are required to make a good-faith effort to settle their cases. *Local Civil Rule 16.3(a)*. Due to Plaintiff's refusal to contact Defendant regarding arranging mediation and agreeing upon a mediator, Plaintiff's refusal to mediate with anyone other than this Court and Plaintiff's outrageous settlement demand, the Defendant requests that this Court modify its September 28, 2001 order and excuse the parties from mediation.

B. **Plaintiff Will Only Mediate With The Court**

Counsel for Defendant attempted to contact the Plaintiff no less than three (3) times by telephone to discuss the selection of the mediator, the time and place of mediation and the Plaintiff's willingness to pay his share of the mediation fees. (APP003). Defendant was unable to contact Plaintiff by telephone. *Id.* Defendant learned for the first time on February 26, 2002, that the Plaintiff does not have a telephone for personal use. (APP003).

Defendant contacted the Plaintiff via e-mail to discuss the details of mediation. In response to Defendant's requests, the Plaintiff clearly indicated his unwillingness to provide the name of a mediator he would like to use, when he would like to mediate, and whether he would pay his share of the mediator's fee. (APP004, APP009, APP010). Additionally, Plaintiff indicated that the Court would be the best mediator in this case. (APP010).

By failing to provide Defendant with the name of a mediator, a time and place to mediate, a willingness to pay the mediator's fees, and indicating that the Court would be the best mediator, the Plaintiff has indicated that he is only willing to mediate this case before the Court. Based on this Court's order of September 28, 2001, Defendant does not believe that this Court intended to mediate this case.

Since the Plaintiff's actions indicate that he refused to mediate this case before anyone else other than the Court, Defendant believes that excusal from mediation is appropriate.

C. <u>The Plaintiff's Continuing Threats Indicate Mediation Will Fail</u>

The Plaintiff has continued to threaten ECFMG, its lawyers and the Courts with lawsuits if he does not get the relief he seeks. As an example, the Plaintiff filed a motion with the Fifth Circuit Court of Appeals indicating that if the Fifth Circuit did not provide him with his requested relief, (to reverse the granting of the summary judgment in favor of ECFMG without a brief or oral argument) he would continue to file lawsuits against ECFMG, its lawyers and the Courts, claiming he will drag them "into the mud of the court." (APP008). As this Court is well aware, the Plaintiff has previously indicated his unwillingness to follow orders that he does not like.

The Plaintiff's continued threats against ECFMG clearly indicate that the Plaintiff intends to continue filing lawsuit against ECFMG over the same issues, which have previously been adjudicated in favor of ECFMG. No mediation or settlement will prevent the Plaintiff from filing additional lawsuits against ECFMG. Plaintiff has expressed his willingness to disregard orders that he does not agree with and do what he pleases, despite this Court's orders.[2] Defendant believes that it will never be able to obtain adequate assurances from the Plaintiff not to sue ECFMG over these same issues in the future, as the Defendant believes that the Plaintiff will never be bound by any settlement agreement. Consequently, Defendant believes that mediation will fail.

D. <u>Plaintiff's Settlement Demand is Unreasonable</u>

In a good-faith attempt to settle this case, Defendant made a settlement offer to the Plaintiff. This was done even though Defendant believes that the Plaintiff's lawsuit is wholly

---

[2] By way of example, Defendant would refer the Court to its mediation order of September 28, 2001, as well as other motions which have prompted this Court to threaten sanctions against the Plaintiff.

<u>BRIEF IN SUPPORT OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MOTION TO EXCUSE THE PARTIES FROM MEDIATION</u> – Page 4

without merit and is merely another attempt to harass ECFMG over the same issues which were decided by Judge Boyle when she granted ECFMG's Motion for Summary Judgment. Defendant's reasonable settlement offer was met with an outright rejection and an outrageous settlement demand in excess of $300,000,000.00. (AP004). As a further demand, the Plaintiff has told Defendant that he wants $250,000.00 per year for life and for the ECFMG to have him hired as a doctor. (APP004). Not only are these demands outrageous, but they are impossible as the ECFMG has no ability to hire anyone as a doctor as ECFMG is not a hiring agency. Plaintiff's settlement demands have actually become more outrageous over time.

As Defendant has stated to this Court in its Status Report, the Plaintiff refused to enter into any meaningful discussions about this case. There is absolutely no reasoning with the Plaintiff and Defendant does not believe that sitting down with a mediator will somehow make the Plaintiff reasonable. While the Defendant recognizes the benefits of settlement and mediation, Defendant does not believe that mediation would be beneficial in this case due to the outrageousness of Plaintiff's demand.

### III.  CONCLUSION

This Court clearly has the authority to modify its mediation order to excuse the parties from mediation. The Plaintiff has expressed an unwillingness to mediate with anyone other than the Court, continues to threaten the Defendant with lawsuits, and has expressed no willingness to engage in reasonable settlement discussions. While Defendant is sensitive to the benefits of mediation, as well as this Court's order, the Defendant believes that based upon all of these facts, mediation is not appropriate in this case as it would not be beneficial to either party.

Accordingly, Defendant asks this Court to modify its scheduling order of September 28, 2001, and excuse the parties from mediation.

Respectfully submitted,

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Barry A. Moscowitz
State Bar No. 24004830

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.
6688 N. Central Expressway, Suite 850
Dallas, Texas 75206-3913
(214) 219-8833
(214) 219-8866 – Fax

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of February 2002, a true and correct copy of the above and foregoing document was served upon the following party appearing *in forma pauperis* of record:

Jamal Elhaj-Chehade                *Certified Mail, Return Receipt Requested: 7000 1670 0001 6130 1007*
5414 Cedar Springs, #806
Dallas, Texas 75235
(214) 521-7541

_____
Barry A. Moscowitz

K:\35200\02\pldgs\excuse mediation brf.doc

**BRIEF IN SUPPORT OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MOTION TO EXCUSE THE PARTIES FROM MEDIATION** – Page 6