


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-1301-L |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiff's Response to the Defendant's Filing of the Status Report, and Cross Motion for a Settlement Conference before Judge, filed January 9, 2002; Plaintiff's Motion to Reaffirm his Request for a Face-to-Face Conference between the Parties (or their Representatives) before Judge (or Judges), filed February 19, 2002; and Defendant Educational Commission for Foreign Medical Graduates' Motion to Excuse the Parties from Mediation ("Motion to Excuse the Parties from Mediation"), filed February 27, 2002. The purpose of Plaintiff's Cross Motion for a Settlement Conference before Judge, and Motion to Reaffirm his Request for a Face-to-Face Conference between the Parties (or their Representatives) before Judge (or Judges), is not clear. As best as the court is able to discern, Plaintiff is requesting that the parties be ordered to appear before the court for a conference wherein Plaintiff intends to discuss matters related to his proposed amended complaint. The motion does not set forth any discernible reason why the requested conference is necessary, and the court is not able to envision any reason for the conference. Accordingly, Plaintiff's motions are hereby **denied**.

Order - Page 1



Defendant's Motion to Excuse the Parties from Mediation sets forth a request to excuse Defendant from complying with the court's mediation order, filed September 28, 2001. The court finds that despite the arguments set forth in Defendant's motion, the ends of judicial economy will be served if the parties adhere to the court's mediation order. Defendant's Motion to Excuse the Parties from Mediation therefore is **denied. The court will impose sanctions that could include dismissal of this case, monetary sanctions, or any other sanctions the court deems appropriate against any party that does not comply with the court's mediation order. The court will not tolerate disobedience or willful disregard of its orders. Finally, so there is no misunderstanding about the court's position, it will not mediate this case. The parties are to select a mediator.**

It is so ordered this 6th day of March, 2002.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order - Page 2