ORIGINAL



# In the United States District Court for the Northern District of Texas
## Dallas Division

(USA and )
Jamal Elhaj-Chehade
    Co- plaintiff
Vs.
Educational Commission for Foreign Medical Graduates
(entities and individuals) defendants

3:01-CV-01301-L

## Plaintiff's second motion for an emergency hearing to appoint a counsel
April 12, 2002

Comes now on this date, the plaintiff is filing his second motion for an emergency hearing to appoint a counsel at the defendants' expenses as follow:

### History

The mediation that occurred on march 26th 2002 ended in disaster because the defendant representative Mr. William (Bill)Kelly who is a Correspondent supervisor did not have the unlimited authority to settle the case(legitimacy issue) and because the defendants attorney refused to discuss matters other than pennies and cents threatening the plaintiff of making this case as a mockery of justice and facts that are evident during the conference between the plaintiff and the defendants attorney on April 11, 2002( see below)

### Reasons for this second emergency motion

The reasons for this second motion include the following:
The first motion was forwarded ( without the plaintiff consent) to the Magistrate judge for ruling and the motion lies dormant there.
The defendants attorney Mr Barry Moscowics told the plaintiff( during the conference on phone on April 11, 2002 at 1:00PM) that this court already denied the plaintiff requests and motions and it will deny any future motions from the plaintiff for hearing and face to face conference( the plaintiff is thereby raising the issue of Ex-parte Communication) the defendant attorney refused to elaborate upon the price the defendants may have paid to gain such an exparte decision.
There are deadline that need to be met and the appointment of a counsel must be done before the deadline set forth to cut off date of discoveries.and the court must never give the defendants any advantage in the matter

### Cause of action

This cause of actions arise because of the violations and fraud of the defendants obligations that they promise they will do to the plaintiff when they claim 501-3-C and for their frauds and deceptions and cover ups and unjust enrichment(or alternative) in doing so. the court must never interpret this entire case as a tax matter for which the IRS is the main party of interest( and the plaintiff left that portion to the IRS to pursue further and for which the plaintiff is a co-party of interest and a Wittness). The plaintiff does have a standing in every action and behavior of the defendants ( even if it is a tax matter)

1

taking into account the defendants nature, purpose, and duty toward the plaintiff and the public.

A major part of this litigation is the content of what the defendants told the US Government they will do to the plaintiff (obligations) in exchange for their exempt status. The defendants admitted in their income tax statement of the year 1999 ( statement 3, Form 990, part III-Organization's Primary Exempt Purpose. And for which a true copy will be submitted in the future under the penalty of perjury), the defendants admitted as a part of its responsibilities and obligations and mission, **a duty to assess and identify the plaintiff needs** and assist and accommodate the plaintiff in **those needs** by creating programs that meet those needs( paragraph 3 of the statement 3 named above). A prompt and urgent legal **representation** is one such need. Since the defendants are ignoring their obligations and since an **injunction relief** to stop the violations( or the alternative) is also requested, and based upon the facts, the plaintiff is hereby respectfully asking this court to make an assessment of those needs instead by appoint a counsel on behalf of the plaintiff at the defendants expense.
Furthermore, the defendants use of money and assets against the plaintiff(instead of the plaintiff advancement and against the plaintiff needs) **further violate of the plaintiff** rights and claims against the defendants for which **an additional relief is requested**. The defendants must use their assets **solely** in accordance of their duties and obligations and mission which is to assess the plaintiff needs and develop programs that meet those needs. The plaintiff destruction is not a need. Therefore this should serve as another evidence against the defendants and the court must be aware of those facts. The argument in this case will include as whether the defendants promises are delivered, as whether the defendants assist/ identify the plaintiff needs and whether the defendants created programs that accommodate the plaintiff needs and, **what constitute a need.** Is promoting or inciting or subjecting the plaintiff to violations and abuse and profiling and alienation and deprivations and homelessness, social exclusion, price fixing, inciting crimes or other scam etc… constitute one such need, and if any of the defendants actions shall qualify as to be exempt under 501-3-c 0r or a charitable work that the public and the nation shall be proud of or beneficial to the people. Is promoting the violations of the plaintiff constitutional rights is one such need? Is subjecting the plaintiff to the double jeopardy or extortion or rip off is a need? Is investing in the Market at a loss while neglecting the obligations is a need. Is retaliating against the plaintiff is a need? Is deprivation of the plaintiff properties, rights and health is a need? Is blocking the plaintiff prosperity and advancement is a need? Is deprivation of the plaintiff to any meaningful access to the court and arrogantly making a mockery of the justice system is a need? Is unjust enrichment at the expense of the plaintiff is a plaintiff's need? Is wasting and misallocation the money and resources {that are supposed to be used to the benefit and welfare and advancement and excellence and opportunities for the plaintiff } is a need? Is scamming or fraud or deception is a need ? Etc.. and the list is endless and it will be argued in detail in courtroom.

Since the defendants claim of their duty in promoting excellence in the plaintiff, the appointment of a counsel on behalf of the plaintiff promote such excellence and this court

through an injunction does have a duty to protect the plaintiff from any harm and to enforce the defendants obligations as long as they exist.
**The arguments in this case will concentrate not only whether the defendants perform the assessment of the plaintiff needs , but also what constitute a need? And the process in which the defendants perform such assessments( Fraud, deceptive practices, unjust enrichment, unfair trade practices, and the alternatives)**
And retaliation ( whistle blower) etc…
The plaintiff intends to do discovery. In the past in the case 3:99CV-680-D judge Boyle prevented the plaintiff from performing such discovery claiming that the **CEO in the defendants are entitled to extra-protection of the laws and they have the rights to be above the laws( new US Constitution that give unequal protection of the law) , therefore the appointment of a counsel will allow the just and fair administration of justice.**
In addition, the appointment of a counsel will enhance the advancement and administration of justice and reduce cost of litigation and increase efficiency. It facilitates the communication between the parties and the judges and jury.
This case meets all the criteria of exceptional appointment of a counsel in civil case.
 All along the plaintiff demanded face to face conference between the parties before judge. **Thus the plaintiff is demanding that a ruling on this motion must be done in the court room and solely upon hearing and arguments in which all parties be present. And since injunction is demanded, both hearing can be done on the same day in the courtroom.**

Wherefore, premises considered, the plaintiff prays that upon proper consideration, appoint the plaintiff an advisory or counsel  before the deadline set forth to conduct a discovery as the court sees fit and that all the costs be taxed against the defendants as a part of their duty and obligation  as this counsel is a part of the plaintiff needs and as apart of injunction against the defendants violations.


**Certificate of service and Conference**: this is to certify that this filing was done after the  telephonic conference and notice of April 11, 2002 at 1303 Hour Dallas time between  the plaintiff and the defendants attorney Mr Moscowics and  with the defendants attorney via e-mail that a true copy of the foregoing motion(along with its attached brief and order) was sent again to the defendants attorney Mrs. Susan Schwartz at 6688 N Central Expway # 850 Dallas Texas 75206-3913 on the day of  Friday April 12, 2002 via USPS and e mail to the defendant attorney
　　　　　　　　Respectfully submitted  to the Honorable Judge Sam Lindsey
    Plaintiff Dr Jamal Elhaj-Chehade, pro-se( at this time) and IFP
    5414 Cedar Springs# 806 Dallas, Texas 75235.
Plaintiff's e mail **heyjam7@yahoo.com**