ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 26 2002
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 3:01-CV-01301-L |
| FOREIGN MEDICAL GRADUATES, | § | |
| Defendant. | § | |

## RESPONSE TO PLAINTIFF'S SECOND MOTION FOR AN EMERGENCY HEARING TO APPOINT A COUNSEL AND BRIEF IN SUPPORT OF THEREOF

The Education Commission for Foreign Medical Graduates ("ECFMG") respectfully submits its Response to Plaintiff's Second Motion for an Emergency Hearing to Appoint a Counsel and Brief in Support Thereof and would show as follows:

### I. APPLICABLE LAW REGARDING THE APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil case. *Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001) *citing Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Id.* at 354. The review of the denial of appointment of counsel is under abuse of discretion. *Id.*

### II. CHEHADE'S GROUNDS FOR MOTION TO APPOINT COUNSEL

After filing a Motion to Appoint Counsel with this Court on March 28, 2002 (Chehade's First Motion"), Jamal Elhaj-Chehade ("Chehade") filed his Second Motion for an Emergency Hearing to Appoint a Counsel ("Chehade's Second Motion"). It is nearly impossible to determine to Chehade's contentions with respect to his alleged need for the appointment of counsel due to the

RESPONSE TO PLAINTIFF'S SECOND MOTION FOR AN EMERGENCY HEARING TO APPOINT A COUNSEL AND BRIEF IN SUPPORT OF THEREOF - Page 1

factual vagueness and lack of coherency in the Motions. The best that can be determined from Chehade's First Motion is that this Court counsel should be appoint counsel because Chehade has "needs" and ECFMG's actions should be stopped. None of these contentions are concrete enough to begin analyzing the propriety of appointing counsel.

Chehade's Second Motion identifies three reasons why counsel should be appointed for Chehade. First, no ruling on the Chehade's First Motion has occurred. Second, Barry Moscowitz, one of the undersigned counsel allegedly bribed this Court. Third, case deadlines must be met.

As for reasons one and three, neither of these items are relevant for the analysis of appointment of counsel. With respect to Chehade's allegation of bribery, Mr. Moscowitz denies any ex parte communication or bribery. Instead, Chehade contacted Mr. Moscowitz in order to determine dates Mr. Moscowitz would be available for a hearing on Chehade's First Motion. Mr. Moscowitz informed Chehade that he believes that the Court would not entertain a hearing and would rule on the Motion by submission and that he would wait for notification from the Court as to any hearing date. In response, Chehade accused Mr. Moscowitz of engaging in ex parte communications.

Regardless, both Chehade's First and Second Motions wholly fail to establish any just cause for the appointment of counsel. There are insufficient allegation of any need for the appointment of counsel in this case. Nor is there any evidence to support the appointment of counsel. On that basis, EFCMF contends that Chehade's First and Second Motions are defective and insufficient to support the appointment of counsel.

### III. CHEHADE'S IS AN ABLE LITIGANT

Even if Chehade's Motions made adequate allegations to support an appointment of counsel, Chehade's prior actions evidence that appoint of counsel is not warranted because 1)

Chehade has substantial experience for a pro se litigant; 2) Chehade is re-litigating matters he already asserted against ECFMG in other cases; and 3) Chehade's causes of action are neither novel nor complex.

Chehade previously filed suit against ECFMG in 1999 against ECFMG for damages and injunctive relief based upon various violations of federal law including discrimination based on age, race, ethnic background, national origin, and citizenship status; retaliation; defamation, and slavery. Other allegations include "racketeering and using their influences", alienation, negligence, and antitrust. That case was styled *"Jamal Elhaj-Chehade v. ECFMG, et al" Civil Action No. 3:99-CV0680-D in the United States District Court for the Northern District of Texas, Dallas Division.* (the "1999 Suit").[1] ECFMG prevailed in the District Court[2] but Chehade was adept enough to appeal the to the Fifth Circuit Court of Appeals for the United States who ultimately dismissed the appeal as frivolous.[3] Therefore, Chehade has substantial experience for a pro se litigant.

Chehade's pleadings in the current case fail to allege any factual information which would indicate that these causes of action are based on any facts other than those previously presented in the 1999 Suit. Therefore, Chehade is merely re-litigating what he has already pursued, lost, and appealed in the 1999 Suit. Consequently, he has the benefit of experience in these areas of the law.

Additionally, Chehade's primary claims in this case are for "seizure of property," fraud, "emotional distress," "interference with the...right to work," and "public nuisance." To the extent that any of these are valid causes of action, they are novel causes of action. Certainly,

---

[1] *See* Exhibit "A" attached to the affidavit of Barry Moscowitz.
[2] *See* Exhibit "B" attached to the affidavit of Barry Moscowitz.
[3] *See* Exhibit "C" attached to the affidavit of Barry Moscowitz.

<u>RESPONSE TO PLAINTIFF'S SECOND MOTION FOR AN EMERGENCY HEARING TO APPOINT A COUNSEL AND BRIEF IN SUPPORT OF THEREOF</u> - Page 3

they do not present any complexities other than those generally experienced by any other pro se litigant.

As stated previously, under *Romero v. Becken*, this Court should consider the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Id.* at 354. Chehade's actions in the 1999 Suit shows that he is more than capable to pursue this case on his own and that he is able to manage its challenges as well as, or perhaps even better than, most pro se litigants. On that basis, he should be denied any appointment of counsel.

### IV.   CHEHADE'S CLAIMS ARE FOR THE PURPOSES OF HARASSMENT

After the Fifth Circuit's denial of Chehade's appeal, Chehade filed what he titled "Plaintiff's motion to vacate the unconstitutional and illegal court order/judgment"[4] where he stated his intent to drag ECFMG and its attorneys "into the mud of the court and have them taste their cooking."[5] As such, one can only conclude that, in this suit, Chehade is merely attempting to re-litigate the 1999 Suit and follow through with his intent to drag ECFMG "into the mud of the court." Additionally, Chehade continues to file motions in the 1999 Suit despite the fact that the case has been appealed and such appeal has been dismissed as frivolous.[6]

28 U.S.C §1915(e)(2), which is the very statute Chehade relies upon as justification for this Court to appoint him counsel, also states that "the court shall dismiss the case at any time if the court determines that... the action... is frivolous or malicious." ECFMG contends that Chehade is pursuing this case out of malice. On that basis, he should not have the benefit of a court-appointed attorney to assist him in a case that has harassment as its primary goal and which is also ripe for dismissal.

---

[4] *See* Exhibit "D" attached to the affidavit of Barry Moscowitz.
[5] *See* Exhibit "D" attached to the affidavit of Barry Moscowitz.

**RESPONSE TO PLAINTIFF'S SECOND MOTION FOR AN EMERGENCY HEARING TO APPOINT A COUNSEL AND BRIEF IN SUPPORT OF THEREOF** - Page 4

## V.    SUMMARY

Chehade's First and Second Motions wholly fail to present this Court with sufficient grounds for the appointment of counsel. Chehade is at least as experienced, if not more experienced, than most pro se litigants. The case presents no obstacles to Chehade that those which face any pro se litigant. Finally, Chehade is pursuing this case out of malice and for purposes of harassment. ECFMG requests that Chehade's Motions be denied.

Respectfully submitted,

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Barry A. Moscowitz
State Bar No. 24007493
Mark C. Roberts II
State Bar No. 00788293

HENSLEE, FOWLER, HEPWORTH
 & SCHWARTZ, L.L.P.
6688 N. Central Expressway, Suite 850
Dallas, Texas 75206-2117
(214) 219-8833
(214) 219-8866 – Fax

**ATTORNEYS FOR
DEFENDANT EDUCATIONAL
COMMISSION FOR FOREIGN
MEDICAL GRADUATES**

---

[6] *See* Exhibit "E" attached to the affidavit of Barry Moscowitz.

<u>**RESPONSE TO PLAINTIFF'S SECOND MOTION FOR AN EMERGENCY HEARING TO APPOINT A COUNSEL AND BRIEF IN SUPPORT OF THEREOF**</u> - Page 5

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26TH day of April, 2002, a true and correct copy of the above and foregoing document was served upon the following party appearing *pro se* of record via certified mail, return receipt requested:

Jamal Elhaj-Chehade
5414 Cedar Springs, #806
Dallas, Texas  75235
(214) 521-7541

_____
Mark C. Roberts II

K:\35200\01\pldgs\response to mot to app counsel.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. |
| EDUCATIONAL COMMISSION FOR <br> FOREIGN MEDICAL GRADUATES, <br> Defendant. | § <br> § <br> § | 3:01-CV-01301-L |

## AFFIDAVIT OF BARRY A. MOSCOWITZ

| | |
|---|---|
| STATE OF TEXAS | § <br> § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, personally appeared Barry A. Moscowitz, who being duly sworn by me, deposed and testified as follows:

"My name is Barry A. Moscowitz. I am of sound mind and over the age of 21 years. I am capable of making this Affidavit. I have personal knowledge of all the facts stated in this affidavit and they are true and correct. I have been licensed to practice law in Texas since 1998 and licensed to practice law in Illinois since 1995. I am admitted to practice in the Northern and Western Districts of Texas and before the Fifth Circuit Court of Appeals for the United States. I am counsel of record in the above-styled cause.

On or about April 17, 2002, I received a call from Plaintiff, Jamal Elhaj-Chehade ("Chehade"). He requested that I provide him dates that I could be available to attend a hearing on a Motion to Appoint Counsel that he had filed. In my experience, federal courts in the Northern District of Texas only grant hearings on motions in extremely rare cases. Therefore, I

informed Chehade that the Court would notify us if it set a hearing date and any agreement between Chehade and myself as to hearing date would not be productive.

We also discussed other aspects of this case. I am aware that Chehade has filed numerous claims against Defendant, Educational Commission for Foreign Medical Graduates ("ECFMG"), ranging from negligence to slavery. I am also aware that ECFMG has successfully obtained a summary judgment on all of these claims. Moreover, the United States Fifth Circuit Court of Appeals has upheld this summary judgment and stated that Chehade's appeal of the summary judgment failed to present any non-frivolous matters.

Chehade apparently inferred that I had engaged in some type of improper or unethical actions in this case because he immediately responded by indicating that they only way I could know that this Court would inform the parties of a hearing on his motion would be if I had engaged in some type of ex parte communications with this Court.

I have not engaged or attempted to engage in any type of improper or unethical ex parte communication with this Court or any other case dealing with Mr. Chehade. Likewise, I have never engaged or attempted to engage in any type of bribery with this Court or with respect to any case dealing with Mr. Chehade.

The attached Exhibit "A" is a true and correct copy of Chehade's Complaint in *Jamal Elhaj-Chehade v. ECFMG, et al" Civil Action No. 3:99-CV0680-D in the United States District Court for the Northern District of Texas, Dallas Division* which was filed in 1999 ("Chehade's 1999 Suit")..

The attached Exhibit "B" is a true and correct copy of a Memorandum Opinion and Order entered by the court in Chehade's 1999 Suit.

The attached Exhibit "C" is a true and correct copy of an Order entered by the United States Court of Appeals for the Fifth Circuit as a result of Chehade's appeal of the summary judgment granted to ECFMG in Chehade's 1999 Suit.

The attached Exhibit "D" is a true and correct copy of "Plaintiff's motion to vacate the unconstitutional and illegal court order/judgment" filed by Chehade with the United States Court Appeals for the Fifth Circuit during his appeal of Chehade's 1999 Suit.

The attached Exhibit "E" is a true and correct copy of "Plaintiff's notice of appeal before a district judge" filed by Chehade in the 1999 Suit on April 21, 2002, which is approximately five months after the United States Court Appeals for the Fifth Circuit dismissed his appeal the 1999 Suit.

Further affiant sayeth not."

_____
Barry A. Moscowitz

SUBSCRIBED and SWORN to before me this 26th day of April 2002, to which certify my hand and seal.

Kim Larson-Herman
Notary Public, State of Texas
My Commission Expires
APRIL 20, 2005

_____
Notary Public in and for the State of Texas
My Commission Expires: 4/20/05

K:\35200\02\pldgs\BAM Aff.doc

- 3 -