IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMAL ELHAJ-CHEHADE, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:01-CV-1301-L |
| § | |
| EDUCATIONAL COMMISSION FOR § | |
| FOREIGN MEDICAL GRADUATES, § | |
| Defendant. § | |

## ORDER

On April 2, 2002, Plaintiff filed his *Motion to Appoint a* [sic] *Counsel* in the above-captioned case. On Aril 12, 2002, Plaintiff filed his *Second Motion for an Emergency Hearing to Appoint a* [sic] *Counsel*. The District Court referred the motions to the United States Magistrate Judge for determination.

A plaintiff in a civil action is not entitled to a court-appointed counsel as a matter of law. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The Court has considerable discretion on whether to grant a request for appointment. *Id.* In considering a motion for appointment of counsel in a civil case, the court must consider: (1) the type and complexity of the case; (2) whether the indigent plaintiff can adequately present the case; (3) whether the indigent plaintiff can adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony which requires skill in the presentation of the evidence and effective cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Plaintiff's claims against Defendant do not appear to be complex in nature. Plaintiff has filed several motions citing pertinent law, and has attended Alternative Dispute Resolution on his



-Page -1-

own behalf. Moreover, he appears to have litigated the same or similar claims in the District Court on one prior occasion (See Civil Action No. 3:99-CV-0680-D, Jamal Elhaj-Chehade v. ECFMG, et al.). Therefore, it is evident that the Plaintiff is capable of investigating and presenting his case to the Court. Further, it does not appear the evidence in the case will require great skill in its presentation, but rather that the outcome will depend upon determination of legal issues by the Court and the credibility of witnesses. Therefore, Plaintiff has failed to establish circumstances that would warrant the Court's appointment of counsel in his case.

It is therefore **ORDERED** that Plaintiff's Motions are **DENIED**.

**SO ORDERED** this 27 day of April, 2002.

PAUL D. STICKNEY
United States Magistrate Judge