In the United States District Court for the Northern District of Texas
Dallas Division

(USA and )
Jamal Elhaj-Chehade
    Co- plaintiff
Vs.                                                                                            3:01-CV-01301-L
Educational Commission for Foreign Medical Graduates
(entities and individuals) defendants

1- Plaintiff's response to the defendants response to the plaintiff's motions to appoint a counsel
2- plaintiff motion for a proceeding de novo( to reopen/ transfer/ and consolidate all the UTSW and ECFMG
3- the plaintiff's notice that the schedule in this case needs to be changed to accommodate the new facts

April 30, 2002

I

Comes now this should serve as the plaintiff response to the defendant response filed on April 27, 2002, and received April 30, 2002 as follow:
1- The plaintiff firmly asserts that On Thursday April 11, 2002, at 1:03 PM. The defendants attorney **ARROGANTLY** admitted to the long existing ExParte Communications between the defendants and the courts
2- The plaintiff firmly rejects and opposes the defendants response as misleading , out of appropriate fact, out of time and out of date and unspecific and extremely inaccurate. the plaintiff will not answer it word by word because it is based upon improper citations and arguments, and it has contradictions and lies.
3- The plaintiff asserts that an urgent appointment of a counsel is a **plaintiff legal right** and not discretionary( see below). And that the appointed counsel must meet the plaintiff's **NEEDS**( urgency, competent , accessible, available etc..)
4- The plaintiff asserts that until such counsel is appointed, all the schedules and deadlines are rendered obsolete because a new proceeding with other partied or consolidations must be done, because of the Exparte communication and bias against the plaintiff
5- The plaintiff firmly denies that the case 3-01-Cv 1301-L is a relitigation of the case 3:99-CV-680-D/BC and the plaintiff challenges the defendants to provide the full facts.

II

**Why the plaintiff's brought the case 3:99CV-680-D**

On 1997 the plaintiff( UTSW employee at the time) brought a legal action against UTSW ( see 3:98 Cv-1622-P) because UTSW denied the plaintiff access to its training program



1

claiming that the Defendants ECFMG told them to do so for some unspecified reasons. The ECFMG secured an 11 Amendment immunity for UTSW( so they won't be caught) by **Influencing** the courts to fabricate the proceeding against UTSW under 8 USC- 1324-b despite the plaintiff requests to proceed under the Pact/treaty/compact and the federal question of Co-regulation of Immigration, Co-regulation of healthcare and commerce, and fact that a state cannot enter into treaties alliances and confederation with other States and Foreign nations such as Canada, and under the Political Question of Gordon vs Texas ( USCA-5, 1998) and Qui Tam doctrine as in Rogers vs Arkansas USCA-10, 1998, and Fact that UTSW did enter into confederations that constitute the revival of Southern confederacy( all of which are abrogation and waiver of any immunity or sovereignty .. etc and that the eleven Amendment NEVER reach..). On January 1999, the plaintiff requested that the ECFMG be included as a co-defendants in the case against UTSW. But the plaintiff faced with judge inaction because of the ECFMG influencing the court, and the statute of limitation of 2 year for the tort defamation action, brought a separate case 3-99-CV-680D/BC early March 1999 requesting several times to expedite the proceeding against the ECFMG so he would consolidate the two cases. But the court did not proceed against ECFMG until Nine Months have elapsed from the plaintiff original request and after an erroneous judgment of 11th amendment immunity for UTSW. Such Nine months delays clearly prove of the Exparte communication between the court and the defendant. It was done by repetitive and questionable changes of judges so the Cover ups become untraceable. And the two case ended up separately. And judge Boyle inherited the case by having the plaintiff consent under Duress and intimidation to proceed before a Magistrate judge( lack of validity and legitimacy of any order in the case 3:99-Cv-680-D/BC. The Exparte Communication existed between the defendant and the court and it is evident by the judge Boyle order on July 6, 2000 restraining the plaintiff to conduct his deposition of Dr Nancy Gary. Jane Boyle admitted during the hearing that Dr Gary is a CEO and the US Constitution allows for extraprotection of the laws in case of CEO(?). the judges gave the defendants all the tactical advantages ( see U.S vs Robinson). And despite the plaintiff repetitive objections of the proceedings and for the stricken new evidences the plaintiff was able to locate, Judge Boyle rendered **prematurely** its questionable opinion ( unconstitutional, non-valid and non-legitimate opinion) only two day before the scheduled meeting in her office between the parties to discuss the matter and to present the evidence and in which each side present his representative or counsel. Doing so Judge Boyle assumed that the plaintiff will not have a counsel, and assumed that the plaintiff cannot prove his case or able to provide evidence( judge opinion page 14 and other) . the plaintiff demanded a post judgment rehearing and vacate the order, but the court refused soon the plaintiff received the new evidences ( this new case 3-01-1301-L) and the plaintiff appealed judge Boyle order to the USCA-5 requesting that no final judgment be rendered by the USCA-5 until a decision is taken in this new case 3-01-CV 1301-L because there are evidence that can be used in both cases( ECFMG income tax statement for the year 1999 that was files late the year 2000). However the court under the influence of the defendants and knowing that the plaintiff does have undisputed prevailing case because the defendants admitted to every element of every claim brought against them in their income tax filings specially the recently filed income tax, the USCA-5 judges known for their prejudice against the plaintiff( case 99-60169 speaks for itself). When the court saw a potential

plaintiff success, the court denied the plaintiff appeal as frivolous by denying his appeal in Forma pauperis. The plaintiff never encountered such charade in his life. all the plaintiff proceedings were done In forma pauperis and the plaintiff does qualify to proceed as such. However the defendants attorney On April 11, 2002 ARROGANTLY admitted to the long existent exparte Communications between the defendants and the courts, but he refused to give details, he may said to intimidate the plaintiff and make him feel hopeless and helpless…

### III
### Why the case 3:01-CV-1301-L

The plaintiff brought this case on July 2001 on month after the new evidence: the defendants admitted to the US government that they are a Tax exempt organization because they perform charitable and use its resources to work acting as guardian (or custodian or the alternatives) to act for the best interest of the plaintiff as to include: promoting excellence and advancement and prosperity in the plaintiff by: providing directions to the plaintiff, … assessing the plaintiff's NEEDS and accommodate them. Etc…
The plaintiff have found a plenty of violation under 501-3-C in that the defendant never advised the plaintiff,: Never assess his needs, or failed to do so even after all the litigations, and acting outside their scope . this cause of action involves failure of the defendants to do what they are supposed to do, and doing things that are not supposed to do. The plaintiff found diversions of funds(examination refunds, legal fees, and duplicate itemized deduction) and failure to disclose all the income as to maintain certain tax privilege, and failure to use its resource in accordance to the plaintiff NEEDS, and the fraud , deception, UNJUST Enrichment and scam against the plaintiff and the public, and the misuse of the non-profit charter, and using the plaintiff as a pawn to get rich quick and the list is endless, and the misuse of fund presumably to benefit the plaintiff to be used against the plaintiff or to further violate other laws which give the plaintiff and his Colleagues a bad name. the new case also involve a price Fixing, retaliation against the plaintiff for being a whistle blower, and for putting the plaintiff into nasty and awkward position such as Profiling, Prejudice, and additional deprivations( new toll for a new cause of action). Therefore there is NO relitigation in the matter. If the case 3: 99 CV 680 is a word, the new case would be a book. Therefore the new case is a General and broader in scope and include a special relief of urgent injunction for which the appointment of a counsel is one. The defendants do have a life-term duty to assess the plaintiff **NEEDS** and accommodate those NEEDS. Since an injunction is requested, the plaintiff is demanding that the plaintiff's NEEDS be assessed and accommodated NOWWW. Moreover the defendants are liable if his new needs are not met, and for failing to assess the plaintiff NEEDs during and after his litigations including UTSW.

### IV
### Reasons why an appointment of a counsel and argument

Although this case meets more than all the elements and criteria to appoint a counsel in Civil cases under all the FRCP rules to appoint a counsel( 1741, 416, 28 USCA and 706-

3

and 706-b) and other rules. The plaintiff demanded the appointment of a counsel under more than one. This case for example qualifies for the appointment of Counsel taxed against the defendant under FRE 706-B and other criteria and the case meets more than the requirement and the court does have the discretion to do so. But the plaintiff is additionally demanding the appointment of a counsel as an urgent assessment of NEEDS( injunction against the defendants. **The injunction is a legal right** not subject to any limitation. The defendants admitted to owe the plaintiff a lifeterm obligation toward the plaintiff( regardless of past history or background). The plaintiff is demanding an immediate injunction to start assessing MY NEEDS and accommodate them by the appointment of a counsel Urgent and now, the plaintiff is further entitled that the appointed counsel must meet the plaintiff NEEDS( access, available, skill etc…) and the defendants are liable for any damages that occur because of delays in assessment or no appointment. Since the defendants are refusing to stop violating the laws the court must intervene to enforce this injunction NOW.

The plaintiff motion to appoint a counsel resemble the situation in which the courts intervene on behalf of children whose parents are refusing to have them treated. As the court look to see what is best for the child, this could should to see what is best for the plaintiff.

Here the court must look into the facts if a counsel( treatment) is a need to the plaintiff that increase his chance to excel, succeed, and be promoted(cure). The court must also look to see at the outcome if no treatment( no counsel) is rendered( disability, further damages). In other word the court ruling to appoint a counsel is a ruling to say a counsel is a true need. The court must adhere to what the purpose of the litigation which is " to assess the plaintiff needs and accommodate them and promote excellence…rather than the ability of the plaintiff in litigation".

## V
## Plaintiff defense

1-The Us Constitution and the Federal Laws are the supreme laws of the land. The US Government has made his language explicitly clear that he will not endorse, advocate or promote the violations of its own supreme laws, and judge of sound mind would such abusive orders unless such judges are under the influence. Therefore all the orders and judgments made in all the cases against UTSW and the 3:99-CV-680-D/BC are null, void being unconstitutional or done under the influence.. those must be Vacated( if needed) and all the proceedings be consolidated for a new hearing. Subsequently all the deadlines in this case are obsolete and new ones must be set after the appointment of a counsel.

2- the defendants response provide new evidence against the defendants that they are against the plaintiff's need and excellence

3- the court must look to each case according to its inciting event, or evidence because each one constitute a new cause of action.

4- the plaintiff asserts that any inconvenience to the plaintiff, will increase the plaintiff needs and to increase the required accommodation from the defendants and the plaintiff is urging the defendants and their hired guns( attorneys) and their allied cheerleaders to put an

4

end to this abuse and violation and not to drive the matter to the boiling point on no return in which there is no winner.
- 6- the plaintiff asserts that any success of the defendants at the expense of the plaintiff needs, constitutes a violation of the defendant charter and abuse of the fund against the plaintiff.
- 7- The plaintiff asserts that the defendants are liable for the **delay or no appointment** of a counsel. Because it constitutes a failure to assess the plaintiff special and proper NEEDS.

## VI
## Plaintiff's requests

1- the plaintiff request that a counsel that meets the plaintiff' s current needs be appointed urgently without any delay
2- that any order be preceded by hearing be done in the presence of all the parties before judge and open to the public
3- the plaintiff demands that this court cancel all the current deadlines schedule and new schedule be done after the appointment of a counsel
4- the cases 3;99-Cv-680-D/BC be consolidated with this case for new hearing. Once consolidate further consolidation with the case 3:98-CV-1622-P by either transferring the consolidated cases to Judge Solis, or by having the case 3:98-CV-1622-P transferred to this court

5- once all above are met new proceeding( at last) in which each party get what is his etc....
6- jury is always a must

**Certificate of service**: this is to certify that a true copy of the foregoing has been sent to the defendant attorney on April 30, 2002 via e-mail and via USPS regular mail paid on same day to the defendants attorney Mrs. Susan Schwartz/ Mark Robert at 6688 N Central Expway # 850 Dallas Texas 75206-3913 on the day of April 30 2002
**Attached is a letter of urgency for fast forwarding**

Respectfully submitted to the Honorable Judges Sam Lindsey and MG Paul Stickney

Plaintiff Dr Jamal Elhaj-Chehade, pro-se( at this time) and IFP
5414 Cedar Springs# 806 Dallas, Texas 75235.

Plaintiff's e mail **heyjam7@yahoo.com**
Order is included.

5