**In the United States District Court for the Northern District of Texas**
**Dallas Division**

(USA and )
Jamal Elhaj-Chehade
    Co- plaintiff
Vs.                                               3:01-CV-01301-L
Educational Commission for Foreign Medical Graduates
Et al  entities and individuals) Defendants

    1- Plaintiff's notice of appeal before a USDC judge of all orders/opinions/judgments, rendered by a Magistrate judges
    2- The plaintiff's motions to proceed IFP and to have a counsel

    Comes now on this date, the plaintiff is filing his notice of appeal before USDC judges of all the previous orders done by Magistrate judges. with the plaintiff motions to appeal IFP( the plaintiff does qualify now more than ever, and he has been granted to proceed IFP several times).
This plaintiff motion to appoint a counsel is unique because it is **a** legal right of the plaintiff because of the plaintiff needs( see below, the defendants obligations toward the plaintiff).
This filing must be used with the plaintiff's motion for summary judgment and exhibits filed on May 29, 2002( along with brief and preliminary appeal)

**Jurisdiction**
The USDC judges and courts do have the jurisdiction to entertain, orders, opinions, or judgments done Magistrate judges, and this matter meet the criteria

**Statement of Facts, evidences and merit**

1- all the Magistrate judge orders were done without the proper or full consent of the plaintiff.
2- The Magistrate judges orders are not final and are subject to reversal at the USDC level.
3- The Magistrate Judges orders were done before the plaintiff's legal NEEDS are met. And created new needs for the plaintiff that the defendants are not willing to identify and meet( see below).
4- -The defendants admitted to the US Government and the public to owe the plaintiff a life-term duty to identify his <u>NEEDS</u> and meet them, and to promote his <u>interests</u>, and promote his <u>advancement and his excellence</u>, and to expand his <u>opportunities</u> and to <u>maximize his benefits</u> and to assist him and provide him with <u>useful information</u> etc…( see motion for summary judgment all exhibits A5 and A7 and B1 b5 and B6 and their tax form type.)
5- The plaintiff asserts that the evidences against the defendants are self explanatory and judgment must be rendered into the plaintiff's favor. The defendants have made their language clear of their unwillingness to recognize, to identify or to meet the plaintiff's needs. The defendants did not promote any excellence or advancement of the plaintiff's and his IME. The defendants supply of information was useless. The defendants did not offer the plaintiff



1

any benefit( and much less maximizing his benefits as obligated). The defendants did not serve any of the plaintiff interest. The defendants did not comply with the conditions required to be exempt or non-profit. The defendants admitted to be for profit( in treble amount and level) and its claim as non-profit and name are frivolous, scam, fraud and deceptive etc…The defendants have proven to be **unfit** to identify or meet the plaintiff's NEEDS.

6-  The defendants have made their language and actions and practices clear by their readiness and willingness to exploit the plaintiff and take advantage of him( including being a pro-se). to exploit the plaintiff or to take advantage of him constitutes the OPPOSITE of identifying or meeting the plaintiff's NEEDS.

7-  The defendants violations are _**ongoing**_

Therefore the plaintiff's claims do have merit and judgment must be into the plaintiff's favor.

### Arguments

1-The magistrate judges erred in their determinations and orders. The judges erred in their determination of the merit of the plaintiff's claim. The defendants admitted to owe the plaintiff a life-term duty to assess and identify the plaintiff's needs and meet them, and to promote his interests, his excellence and his advancement, and his expand his opportunities and maximize etc… although the Magistrate judge acknowledged the existence of the plaintiff's NEEDS because of the issues of Exparte Communication raised by the plaintiff. The matter proves that Magistrate judge was biased against the plaintiff.

2-Magistrate judge failed in his determination that the plaintiff request to appoint a counsel is a discretionary matter. The plaintiff stated that this appointment requests are directed at the defendants not the court: It is the defendants duty to identify the plaintiff's needs and meet them.

The plaintiff main purpose of this litigation is to assert his claims against the defendants: identifying and meeting the plaintiff needs and maximizing his benefits and serving his interests etc.. the plaintiff asserts that those claims are best met by the appointed counsel or by having the plaintiff needs met. Therefore the Magistrate judge should have ordered a hearing as the plaintiff requested to see why the defendants are not identifying the plaintiff's need and meeting them. The matter is self explanatory as evidence against the defendants.

3-  the orders of the Magistrate lack validity, or unconstitutional, and under the influence. The plaintiff does have a pile of evidence directed at the defendants conduct, and the plaintiff claims are justified: there are Millions of dollars concealed by the defendants to finance their illegal underground operations( see explanation in the plaintiff motion for summary judgment.)and the defendants attorney ARROGANTLY admitted On April 11, 2002 at 1:03 PM to the long existing Exparte Communication between the court and the defendants. The courts repetitive conducts of the worthlessness of the US Supreme laws cannot be explained or justified

2

unless misconduct and influence exist9 however the plaintiff will not engage into it in detail at this time) . the magistrate judge threat to the plaintiff should have been substituted by the court ordering the defendants to identify the plaintiff's needs and meeting and maximizing his benefits etc.. Such an order would save time, money, and bring all the matter to an end.

4- the plaintiff's requests to identify and meet his legal needs are a legal right not a discretionary because the defendants do have duty to do so. And their refusal to abide is a self explanatory evidence as to render judgment into the plaintiff's favor.

5- The defendants have proven to be unfit to identify or meet the plaintiff NEEDS. In fact, the defendants made it clear of their unwillingness to fulfill their obligations toward the plaintiff. They also made it clear without any doubt through words, and actions of their readiness and willingness to exploit the plaintiff and take advantage of him ( including being a pro-se). Therefore the defendants are doing the **opposite of** identifying the plaintiff's NEEDS and meeting them. Therefore, the court must ensure a meaningful access for the plaintiff and render judgment into the plaintiff's favor

### Conclusion:

The evidences are clear and beyond any doubt against the defendants and their *ongoing* practices. The plaintiff does have a meritous and legal claim against the defendants. All the previous orders rendered against the plaintiff while he is a pro-se must be vacated and deemed prejudicial. Therefore judgment must be into the plaintiff's favor.

**Certificate of service** : this is to certify that a true copy of the foregoing was sent to the defendants attorneys Mark Robert and Susan Schwartz via e-mail as an attachment and via USPS regular mail at their address of record via USPS regular prepaid mail on May 31, 2002 to the address 6688 N Central Expressway# 850, Dallas, Texas 75206-3913.

Respectfully submitted
Dr Jamal Elhaj_chehade, pro-se( tentatively), plaintiff
5414 Cedar Springs # 806
Dallas Texas 75235
e-mail heyjam7@yahoo.com

Attached are copies of the magistrate Judges orders.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMAL ELHAJ-CHEHADE, §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>EDUCATIONAL COMMISSION FOR §<br>FOREIGN MEDICAL GRADUATES, §<br>Defendant. § | Civil Action No. 3:01-CV-1301-L |

### ORDER

By Order of Reference, the United States District Court referred *Plaintiff's Response to the Court Order dated April 29, 2002 and the Plaintiff* [sic] *Countermotion for an Emergency Assessment of the Plaintiff's Needs and Accommodations*, dated May 3, 2002, to the undersigned United States Magistrate Judge for hearing, if necessary, and for determination.

Having reviewed Plaintiff's Motion, the Court has determined that it is without merit and should be denied. It is therefore ORDERED that *Plaintiff* [sic] *Countermotion for an Emergency Assessment of the Plaintiff's Needs and Accommodations*, dated May 3, 2002, is DENIED. It is further ordered that all relief requested in *Plaintiff's Response to the Court Order dated April 29, 2002*, is hereby DENIED.

Plaintiff is further cautioned that accusations regarding ex parte communications between the Court and other parties is improper, and should not continue.

SO ORDERED this 22 day of May, 2002.

PAUL D. STICKNEY
United States Magistrate Judge

Page -1-

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:01-CV-1301-L |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | |
| FOREIGN MEDICAL GRADUATES, | § | |
| Defendant. | § | |

## ORDER

By Order of Reference, the United States District Court referred *Plaintiff's Motion for an Emergency Hearing in the Courtroom for the Assessment of the Plaintiff's Needs as a Pro-Se, and Plaintiff's Supplemental Request to Vacate the Court Order Dated April 29, 2002*, to the undersigned United States Magistrate Judge for hearing, if necessary, and for determination.

Having reviewed Plaintiff's Motion, the Court has determined that it is without merit and should be denied. In his Motion, Plaintiff states that since there was no hearing held regarding his previously filed Motion to Appoint Counsel, the Order denying the appointment of counsel "is thus deemed null, void, and must be [v]acated immediately." Plaintiff also moves for "removal of the judges." These allegations are completely without merit. This Court is not required to hold hearings on each motion that is filed, as many motions can be decided on the pleadings alone, as was the case with Plaintiff's previously filed motion. Further, this Court has already entered its Order denying the appointment of counsel in this case, and Plaintiff has presented no new or compelling reasons for reconsideration. Finally, Plaintiff cites no valid reasons for his request to "remove" the judges assigned to this case.

It is therefore ORDERED that *Plaintiff's Motion for an Emergency Hearing in the Courtroom for the Assessment of the Plaintiff's Needs as a Pro-Se, and Plaintiff's Supplemental Request to Vacate the Court Order Dated April 29, 2002*, is DENIED.

Plaintiff is again cautioned that accusations regarding ex parte communications between the Court and other parties is improper, and should immediately cease.

SO ORDERED this 22 day of May, 2002.

PAUL D. STICKNEY
United States Magistrate Judge