IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 3:01-CV-01301-L |
| FOREIGN MEDICAL GRADUATES, | § | |
|     Defendant. | § | |

### BRIEF IN SUPPORT OF EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MOTION FOR SANCTIONS

The Education Commission for Foreign Medical Graduates ("ECFMG") respectfully submits its Brief in Support of its Motion for Sanctions and in support thereof state as follows:

**I.    SUMMARY OF GROUNDS FOR MOTION FOR SANCTIONS**

1.    Chehade, a *pro se* plaintiff, first filed suit against ECFMG in 1999 in a case styled *"Jamal Elhaj-Chehade v. ECFMG, et al"* in Civil Action No. 3:99-CV0680-D in the United States District Court for the Northern District of Texas, Dallas Division (the "Prior Suit"). ECFMG moved for and was ultimately granted summary judgment in January of 2001 as to each and every claim asserted by the Plaintiff in the Prior Suit. Thereafter, Chehade filed this lawsuit (the "Current Suit") on or about July 6, 2001. The Complaint in the Current Suit alleges no new facts and asserted many of the same causes of action as in the Prior Suit.

2.    While the Current Suit was pending, Chehade appealed the granting of ECFMG's summary judgment in the Prior Suit to the Fifth Circuit Court of Appeals. The Fifth Circuit Court of Appeals dismissed Chehade's appeal for failing to present any nonfriviolous issues for appeal.

BRIEF IN SUPPORT OF EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES' MOTION FOR SANCTIONS - Page 1

3. Since that time, Chehade has filed a battery of motions in both the Current Suit and Prior Suit. Among other things, these motions attempted to join Magistrate Boyle, sought to have counsel appointed, requested that all motions be heard in open court, and accused both ECFMG and the Courts of having ex parte communications. In all instances, orders were issued denying these motions and most cautioned Chehade about future baseless and repetitive filings. Despite these warnings, Chehade continues to file such motions.

4. Chehade's filings are frivolous, harassing, and needlessly escalate the costs of defenses in this case. ECFMG seeks for this Court to declare Chehade a vexatious litigant and impose sanctions under Federal Rule 11 of Civil Procedure preventing him from further filings in this Court against ECFGM without prior Court approval.

## II.   STATEMENT OF FACTS

5. <u>Preliminary Summary</u>. On or about June 3, 2002 ECFMG filed its Motion for Summary Judgment in this case and has yet to be ruled on. That Motion provides an in depth discussion of the dealings between it and Chehade. Among other things, that Motion argued that the applicable statues of limitations and the doctrine of res judicata would make it obvious, even to a pro se litigant such as Chehade, that his claims are frivolous. ECFMG will briefly discuss those matters herein because ECFMG believes they are relevant to the issue of Chehade being a vexatious litigant. However, ECFMG believes that another detailed discussion of the complete dealings between it and Chehade will not be of substantial help with respect to this Motion. Nevertheless, ECFMG refers this Court to that Motion for Summary Judgment if the Court desires a more complete discussion of the substantive dealings between the parties.

6. <u>Factual Background</u>. ECFMG is a non profit organization. ECFMG, through its program of certification, assesses whether graduates of foreign medical schools are ready to enter residency or fellowship programs in the United States that are accredited by the Accreditation

<u>BRIEF IN SUPPORT OF EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES' MOTION FOR SANCTIONS</u> - Page 2

Council of Graduate Medical Education. (APP 002, ¶ 3) To be eligible for certification by ECFMG, graduates of foreign medical schools must (1) pass a series of exams and (2) provide ECFMG with copies of a medical diploma that must be verified independently by the medical school to ECFMG. The primary reason for independent verification of medical school completion is to assure that medical diplomas are authentic. (APP 003, ¶ 10) The time required to complete the certification process is different for each applicant and the process depends largely on the capability and commitment of individual applicants. Because Chehade's diploma was from a medical school in war-torn Romania, verification was delayed until July 1990, and was received only after going through the United States Embassy. (APP 049–051)

   7. Nevertheless, ECFMG received an undated letter from Chehade on April 17, 1990, accusing ECFMG of discrimination. The letter further criticized ECFMG for failure to complete the independent verification of his medical school graduation and stated "[t]he ECFMG credential department should realize the harm done to me by their attitude of 'indifference or I don't give a damn' toward me and probably toward others." (APP 008, ¶27; APP 037)

   8. From March 1990 to September 1990, Chehade wrote several letters complaining to U.S. Senator Phil Gramm, the *Dallas Morning News*, and U.S. Congressman John Bryant. Correspondence from these individuals to ECFMG included Chehade's complaint letters. In each letter, Chehade criticized ECFMG's credential verification process. (APP 008, ¶ 29; APP 035–036; APP 043–048) Chehade stated in the letter to Senator Gramm, "I already lost one year and if I don't receive the certificate by April 1990 I will loose [sic] another year." (APP 008, ¶ 30; APP 036) In his letter to the *Dallas Morning News* in May 1990, Chehade stated "...to date ECFMG is playing games and mishandling the situation." "While I lost 2 years so far waiting and because I have to apply one year in advance for the residecy [sic] in hospitals, I already wasted 3 years as a result of their mishandling the situation." "I feel I was discriminate

[sic] against by ECFMG…" "I really don't like to sue and waste more time." "I still cannot find any reason whatsoever for their negligent manner which not only discriminate against me but also resulted in costing me heavily in time, money and loosing [sic] many opportunities I might not get in the future. It also delays my licensure procedure." (APP 008–009, ¶31; APP 044)

9. In a follow-up letter to the *Dallas Morning News* in July 1990, Chehade states "I have the feeling that ECFMG is waging Psychological and economical warfare against me-I was also defamated [sic] as a result and I am paying a heavy price due to its incompetence, negligence and red tape." "Nowadays, I am really considering a law suit against ECFMG…I am currently seeking the lawyer that a medical Board cannot buy." (APP 009, ¶32; APP 046)

10. In his letter to Congressman John Bryant, received by ECFMG on October 1, 1990, Chehade states "[t]he ECFMG has committed a crime against my medical career and if ECFMG cannot do the job.they [sic] (ECFMG) must be dismissed from their assignement [sic]." (APP 009, ¶33; APP 048) The United States Department of State contacted Chehade twice in July 1990 confirming receipt of his complaints regarding verification and "regretting the delay" caused in his case. (APP 058; APP 059) The United States Department of State informed Chehade that "applications for such documents from Romania, even when made through the Embassy, often involve a considerable delay in the response of the Romanian authorities." (APP 058)

11. <u>Procedural Background</u>.[1] Chehade first filed suit against ECFMG in 1999 in the Prior Suit. (APP 088) That suit was for damages and injunctive relief based upon various violations of federal law including discrimination based on age, race, ethnic background, national origin, citizenship status, retaliation, defamation, slavery, "racketeering", alienation,

---

[1] Unless specified otherwise, all filings referred to in this Brief are in the Current Suit.

**BRIEF IN SUPPORT OF EDUCATIONAL COMMISSION FOR**
**FOREIGN MEDICAL GRADUATES' MOTION FOR SANCTIONS** - Page 4

negligence, and antitrust. Those claims were based on acts or omissions occurring between 1985 and 1989.

12.     In response, ECFMG filed and was ultimately granted summary judgment in January of 2001 as to each and every claim asserted by the Plaintiff in the Prior Suit. (APP 144) The basis for the granting of summary judgment was that the applicable statute of limitations barred Chehade's causes of action and Chehade could not establish any facts to support his claims. (APP 144) Thereafter, Chehade filed the Current Suit on or about July 6, 2001.

13.     While the Current Suit was pending, Chehade appealed ECFMG's summary judgment in the Prior Suit to the Fifth Circuit Court of Appeals. (*See* APP 180) During this same time, Chehade filed a motion to transfer the Current Suit and have it consolidated with the Prior Suit (which was on appeal at that time). (APP 173) Chehade also filed a motion to join Magistrate Boyle. (APP 173) Those motions were denied and, in the order denying the motions, this Court stated:

> This is the third motion Plaintiff has filed requesting the court to add Magistrate Boyle to the present action, and the court has denied all three requests. The court grows weary of repeated requests to involve Magistrate Boyle in this action without new evidence to support such requests. Plaintiff is put on notice that *Magistrate Boyle will **not** become part of this litigation.* The court strongly warns Plaintiff that if he continues to file such a request again or any other frivolous pleading, the court *will* impose sanctions that could include dismissal of this case and monetary sanctions personally against Plaintiff. (emphasis in original) (APP 178)

14.     On December 12, 2001, the Fifth Circuit Court of Appeals dismissed Chehade's appeal for failing to present any nonfriviolous issues for appeal. (APP 180) It also denied his request to proceed *in forma pauperis.* (APP 180)

15.     Chehade responded to this dismissal on December 17, 2001, by filing "Plaintiff's motion to vacate the unconstitutional and illegal court order/judgment" (hereinafter "Motion to Vacate"). (APP 183) This Motion to Vacate alleged that Magistrate Boyle was among "gang of

<u>BRIEF IN SUPPORT OF EDUCATIONAL COMMISSION FOR</u>
<u>FOREIGN MEDICAL GRADUATES' MOTION FOR SANCTIONS</u> - Page 5

judges known for their prejudice and bias" and that she has a "clear... bias in favor of corrupt organization (sic)" (APP 183, ¶2). Chehade states his intent to "drag the judges into the courts" (APP 183, ¶2) and to "wipe his armchair with any order that does not respect the US Constitution." (APP 184, ¶4) He called the Fifth Circuit Court of Appeal a "charade and joke." (APP 185, ¶10) Last, Chehade states his "next step.. is to drag the judges and their allies and defendants attorney into the mud of the court and have them taste their cooking." (APP 186, ¶15)

16. After having been denied the ability to proceed *in forma pauperis* in the Prior Suit, Chehade filed a motion to appoint counsel in the Current Suit on March 28, 2002. (APP 188). This motion included unsupported claims that ECFMG engaged in mediation in bad faith (APP 188). Before this motion was ruled on, Chehade filed "Plaintiff's second motion for an emergency hearing to appoint a counsel" on April 12, 2002. (APP 196). On April 21, 2002, Chehade filed his "notice of appeal before a district judge... motion to transfer and consolidate... and motion to reopen case" in the Prior Suit. (APP 200)

17. On April 29, this Court denied Chehade's Motions to Appoint a Counsel. (APP 204) On May 3, 2002, Chehade filed his "response to the court order dated April 29, 2002 And the plaintiff countermotion for an emergency assessment of the plaintiff's needs and accommodations." (APP 207). Included in this response was another request for the appointment of counsel. (APP 210) Four days after that, Chehade filed his "motion for an emergency hearing in the courtroom for the assessment of the plaintiff's need as a pro-se..." (APP 218). Again, this motion requested the appointment of counsel. (APP 219)

18. Included in these March and April filings were requests for "the removal of judges." Additionally, Chehade made continual allegations of alleged improper ex parte communications by the Court and made continual demands for oral hearings. On May 22, 2002,

this Court entered an Order denying Chehade's outstanding motions. (APP 222) It specifically stated that "Plaintiff is *again* cautioned that accusations regarding ex parte communications between the Court and other parties is improper, and should immediately cease." (APP 223) (emphasis added). The Court also notified Chehade of the fact that it is not required to hold oral hearing on motions and that many motions are decided on the pleadings alone. (APP 222)

19. On May 23, 2002, Chehade filed "Plaintiff's motion for an emergency (injunctive relief and compliance." (APP 226) Among numerous other requests, Chehade sought an "emergency" hearing for previously requested and denied relief. He also re-alleged that "defendants attorney admitted... to the long existing exparte communications between his clients and the court." (APP 228).

20. On May 29, 2002, Chehade filed his Motion for Summary Judgment. (APP 230) Included in this motion is the allegation that:

> Defendants attorney admitted **ARROGANTLY** to the long **existing Expart communication between the defendants and the court** that alter the proceedings. In fact since 1997, the Judges were acting like Cheerleaders to the violations of the defendants (and their hired guns attorneys... The plaintiff reasserts his claim of Expart communication between the court and the defendants... The defendants can cause the USDC judges to smell the cooking on the MOON. (sic) (APP 230, ¶2)

21. On May 29, 2002, and in response to Chehade's numerous filings in the Prior Suit, the Honorable Sidney A. Fitzwater denied all of Chehade's motions on the basis that they were conclusory and lacked evidentiary support. (APP 269) It further noted that the Prior Suit had been appealed to the Fifth Circuit and that such appeal had been dismissed as being frivolous. Judge Fitzwater also stated that the court "admonishes Elhaj-Chehade that if he files an additional baseless motion, the court will preclude him from filing further pleadings in the case without first obtaining leave of court." (APP 270).

22. Two days later, Chehade filed "Plaintiff's notice of appeal before a USDC judge of all orders/opinions/judgment, rendered by a Magistrate judges." (APP 272). On June 3, 2002 he filed "Plaintiff's motion to leave to proceed in forma pauperis (to be ruled upon by a USDC) [and] Plaintiff's response to the USDC order dated May 30, 2002 with the plaintiff's notice of appeal." (APP 279) In this, he alleged being coerced into hearings before Magistrate Boyle. (APP 279) He alleged some vague type of improper influence by defendants over the court which included "charade proceedings and cover ups." (APP 279) It also re-alleged ex parte communications. (APP 279) Chehade further expressed that "the matter is reaching a boiling point of no return and the plaintiff will never allow anybody, specially judges and attorneys, to achieve enjoyment and prosperity at the expenses of the plaintiff's NEEDS:: one who has a glass window should not throw stones." (APP 281). On June 4, 2002, Judge Fitzwater ruled that this latest motion "presents no legal points of arguable merit and is therefore frivolous." (APP 288).

23. On June 5, 2002, filed a response to ECFMG's Motion for Summary Judgment. In this response, he re-alleged ex parte communications and stated he

> holds the defendants attorneys (hired guns) and every judge, especially the USDC judges as personally responsible. These current problems would not have existed if the USDC allowed the ECFMG to be named as a co-defendant as the plaintiff requested in his case 3:98-CV-1622-P. The plaintiff reserves the right to seek justice in the matter he sees fit. The plaintiff will not allow anyone to prosper at the expense of the plaintiff's needs. (APP 296).

Chehade again asserted ex parte communications. (APP 295).

### III.   ARGUMENTS AND AUTHORITY

*a.   Applicable Law*

24. Federal Rule of Civil Procedure 11 states that when a party submits a pleading to the court, he certifies that, to the best of his knowledge: 1) the pleading is not interposed for any improper purpose such as to harass or cause unnecessary delay; 2) is warranted by existing law

or a good faith argument for modification of existing law; and 3) the litigant has concluded a reasonable inquiry into the factual allegations supporting the claims. *Childs v. State Farm Mut. Auto Ins. Co.*, 29 F.3d 1018, 1023 (5th Cir. 1994). The Court applies and objective, not subjective, standard of reasonableness to determine whether a party had violated these duties. *Childs v. State Farm Mut. Auto Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)

25. The purpose of Rule 11 is "to deter baseless filings in the district court and thus… streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx.*, 496 U.S. 384, 393 (1990). The rule applies to every pleading, written motion, or other paper submitted to the Court. *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 875 (5th Cir. 1988)(*en banc*). Rule 11 applies equally to attorneys and *pro se* litigants. FED. R. CIV. P. 11(b)("by presenting to the court… a pleading…, an attorney or *unrepresented party* is certifying…")(emphasis added). *See also Hicks v. Bexar County, Texas*, 973 F.Supp. 653, 687 (W.D.Tex. 1997), *aff'd* 137 F.3d 1352 (5th Cir. 1998)("the Fifth Circuit has made it clear that Rule 11 applies fully and completely to *pro se* litigants").

26. A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case as a sanction for a party's failure to obey court orders. *Taylor v Combustion Eng., Inc.*, 782 F.2d 525, 527 (5th Cir. 1986). Sanctions imposed upon vexatious or harassing litigants by a district court are upheld unless there is an abuse of discretion. *Mendoza v. Lynaugh*, 989F.2d 191, 195 (5th Cir. 1993). The Fifth Circuit has upheld sanctions barring a litigant from filing future complaints without the prior consent of a district court or magistrate. *Murphy v. Collins* 26 F.3d 541, 544 (5th Cir. 1994).

b.  *Chehade's sanctionable conduct*

27. Chehade conduct should be sanctioned for five reasons. First, his pleadings do not comply with the Federal Rules. While one might expect a *pro se* litigant to have some

trouble with technical compliance, Chehade goes beyond what can normally be expected. His pleading are completely lacking in coherency. This makes it extremely difficult for ECFMG to determine what is Chehade is seeking in each motion. More importantly, it is extremely difficult to determine what, if any, response is needed. Moreover, ECFMG is forced to decide between 1) filing a lengthy response to cover all potential relief requested by Chehade; 2) filing an abbreviated response (in order to save in litigation costs) and risk having an incomplete response; or 3) filing no response and hope that the court clearly remembers Chehade's history of frivolous filings. The fact that he is maintaining two separate lawsuits makes it improbable that the courts will be fully aware of Chehade's history. Therefore, the third option poses an unreasonably high risk.

28. Second, Chehade's has demonstrated a history of disrespect and disregard for both federal courts and their orders. Chehade has sought to join Magistrate Boyle in this litigation on three separate occasions. This earned him a strong reprimand from Judge Fitzwater. Although Chehade technically follows this warning by not seeking to join Magistrate Boyle, he continues to condemn her actions and accuse her of bias. Chehade has labeled all of the proceedings a "charade and a joke." He states that he will "wipe his armchair" with court orders. The judges in both cases allegedly have a "clear bias." After clear warnings from this Court not to make further unsupported allegations of ex parte communications, Chehade re-alleges this allegation in practically every motion he files.

29. Third, Chehade has a history of making multiple and frivolous filings. The Fifth Circuit dismissed his appeal of the Prior Suit because it presented no nonfrivilous issues. Judge Fitzwater has reprimanded Chehade for filing three separate motions to join Magistrate Boyle. Chehade has sought appointment of counsel on numerous occasions and still requests that this Court order ECFMG to provide him counsel. He has filed motions to have the District Court in

the Prior Suit reconsider the Fifth Circuit's dismissal of his appeal. His suits are clearly barred by the statutes of limitations – a fact he has been made aware of by the granting of summary judgment in the Prior Suit. In the last two weeks alone, Chehade has filed nine separate motions which all request the same relief – that his "needs" be met. Each of these pleadings is without merit. Despite having his requests denied time and time again, Chehade continues to request this court for the same relief.

30.     Fourth, Chehade is attempting to maintain two separate suits at the same time. After ECFMG was granted summary judgment in the Prior Suit, Chehade filed the Current Suit. But the allegations in the Current Suit are not based on any new facts separate and apart from those in the Prior Suit. Initially, Chehade did not aggressively pursue the Current Suit. When his appeal of the Prior Suit was dismissed, Chehade began pursuing the Current Suit with greater vigor. Now Chehade flips back and forth between the two suits attempting to gain some type of relief.

31.     Fifth, Chehade has demonstrated his intent to continue in harassing filings not only against ECFMG but also against their attorneys and the judges. Chehade has stated on three separate occasion that 1) his "next step... is to drag the judges and their allies and defendants attorney into the mud of the court and have them taste their cooking;" 2) "the matter is reaching a boiling point of no return and the plaintiff will never allow anybody, specially judges and attorneys, to achieve enjoyment and prosperity at the expenses of the plaintiff's NEEDS;" and 3) "the plaintiff reserves the right to seek justice in the matter he sees fit." One can readily see Chehade's true motivation in his filings against ECFGM. The tone of his pleading show his determination to be undeterred in any future orders to the contrary. Chehade also shows that he intends to proceed not only against ECFMG, but also against ECFMG's attorneys and the judges in this case.

<u>BRIEF IN SUPPORT OF EDUCATIONAL COMMISSION FOR</u>
<u>FOREIGN MEDICAL GRADUATES' MOTION FOR SANCTIONS</u> - Page 11

*c.    Relief Requested*

32.    With all of these factors in mind, ECFMG contends that Chehade has demonstrated a history of filings that are frivolous and filed for the purpose of harassment. Chehade has also made it clear that he will be undeterred by any future order of any court. Therefore, ECFMG requests that this court sanction Chehade in an amount that is not less than $3,125.00 in costs for incurred by ECFMG for having to respond to Chehade's various motions. (*See* Affidavit of Mark C. Roberts II, APP 139) More importantly, ECFMG requests that this Court enter an order prohibiting Chehade from filing future pleadings against ECFMG or its counsel without prior permission by this Court. Chehade has demonstrated time and again that he will not respect court orders or denials of relief. ECFMG contends that the only way to prevent further frivolous filings by Chehade is to prevent him from filing without prior permission from the Court.

WHEREFORE, PREMISES CONSIDERED, ECFMG prays this Court grant the relief requested herein.

Respectfully submitted,

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Mark C. Roberts II
State Bar No. 00788293

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.
6688 N. Central Expressway, Suite 850
Dallas, Texas  75206-3913
(214) 219-8833
(214) 219-8866 – Fax

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21ST day of June 2002, a true and correct copy of the above and foregoing document was served upon the following party appearing *pro se* of record via certified mail, return receipt requested:

Jamal Elhaj-Chehade        *Certified Mail, Return Receipt: 7002 0510 0004 4353 3508*
5414 Cedar Springs, #806
Dallas, Texas  75235
(214) 521-7541

_____
Mark C. Roberts II

K:\35200\02\pldgs\vex litigant-brief.doc