

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. |
| EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES,<br>Defendant. | §<br>§<br>§ | 3:01-CV-01301-L |

### DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' RESPONSE TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

The Education Commission for Foreign Medical Graduates ("ECFMG") respectfully submits its Response to Plaintiff's Request for Preliminary Injunction and would show as follows:

### I. PROCEDURAL BACKGROUND

1. On July 1, 2002, Chehade filed an "emergency request for preliminary injunction" (hereinafter "Chehade's Motion"). This is merely one of approximately ten motions that Chehade has filed within the last month in either this case or a similar case styled *"Jamal Elhaj-Chehade v. ECFMG, et al"* in Civil Action No. 3:99-CV0680-D in the United States District Court for the Northern District of Texas, Dallas Division (the "Prior Suit").

2. All of these recent motions have sought, in one way or another, an order requiring ECFMG to "identify and meet [Chehade's] needs." ECFMG has filed both a Motion for Summary Judgment and a Motion for Sanctions against Chehade. These are currently pending before this court and they are incorporated here by reference.

3. ECFMG contends that Chehade's Motion should be denied because it is without evidentiary support. ECFMG further contends that Chehade's Motion fails to demonstrate a

substantial likelihood of success on the merits or a substantial threat that the movant will suffer irreparable injury if the injunction is denied.

## II. DEFECTS IN CHEHADE'S MOTION

4. ECFMG objects to Chehade's Motion because it fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Chehade's Motion is vague, ambiguous, and (in many places) nonsensical. ECFMG cannot reasonably determine what Chehade is requesting in his Motion. Chehade should be ordered to replead with specificity as to the basis of his claims and the relief requested.

5. ECFMG objects that Chehade's Motion fails to provide any evidentiary support. On that basis, it should be denied in its entirety.

## III. ARGUMENTS AND AUTHORTIES

6. "A preliminary injunction is an extraordinary equitable remedy that may be granted only if plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *See Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998).

a.  *No Substantial Likelihood Of Success On The Merits*

7. Chehade's Motion fails to satisfy the requirement that he demonstrate that he has a substantial likelihood of success on the merits of his case. In fact, ECFMG has filed a Motion for Summary Judgment which is currently pending in this case. ECFMG assumes that the Court will not want to be belabored with a complete regurgitation of that Motion for Summary Judgment. Therefore, ECFMG incorporates it by reference.

8.  Briefly stated, ECFMG is a non-profit organization that certifies graduates of foreign medical schools for admission to accredited medical residency program in the United States. In 1985, Chehade sought to acquire such accreditation but ultimately failed because of the extraordinary length of time it took to verify Chehade's medical school credentials from war-torn Romania. Chehade first filed suit against ECFMG in 1999 in the Prior Suit. That suit was based on acts or omissions occurring between 1985 and 1989. In response, ECFMG filed and was ultimately granted summary judgment in January of 2001 as to each and every claim asserted by Chehade primary on the basis that his claims were barred by the applicable statutes of limitations.

9.  ECFMG's Motion for Summary Judgment in this Suit establishes that: 1) Chehade's causes of action for "illegal seizure" and "double jeopardy" fail to state claims upon which relief can be granted; 2) the final judgment in the Prior Suit bars all of Chehade's claims under the doctrine of res judicata; 3) all of Chehade's claims are barred under the applicable statutes of limitation; and 4) Chehade lacks standing to assert a claim under 501(c)(3) of the Tax Code. As such, Chehade's Motion fails to establish a substantial likelihood of success on the merits.

b.  *No Substantial Threat That The Movant Will Suffer Irreparable Injury*

10. Chehade's Motion itself acknowledges that he has not, and will not, suffer irreparable injury. His Motion specifically states "the plaintiff asserts that all his current injuries so far are still reversible..." *See* Chehade's Motion, Page 1, Para. 5. It also states "the plaintiff asserts that the sooner the defendants start identifying and meeting the plaintiff's needs, the easier the reversibility of the plaintiff damages." *See* Chehade's Motion, Page 2, Para. 6. Clearly, Chehade realizes that his alleged damages are not irreparable.

11.   Moreover, Chehade has wholly failed to demonstrate that he has suffered anything other than alleged monetary damages.  As such, there has been no showing that he will ever suffer any irreparable injury.

## IV. <u>SUMMARY</u>

12.   Chehade's Motion wholly fails to present this Court with sufficient grounds for the issuance of a preliminary injunction.  Chehade's Motion lacks any evidence and fails to demonstrate satisfaction of the essential elements of the issuance of a preliminary injunction.  ECFMG requests that Chehade's Motion be denied.

Respectfully submitted,

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Barry A. Moscowitz
State Bar No. 24007493
Mark C. Roberts II
State Bar No. 00788293

HENSLEE, FOWLER, HEPWORTH
 & SCHWARTZ, L.L.P.
6688 N. Central Expressway, Suite 850
Dallas, Texas  75206-2117
(214) 219-8833
(214) 219-8866 – Fax

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of July 2002, a true and correct copy of the above and foregoing document was served upon the following party appearing *pro se* of record via certified mail, return receipt requested:

Jamal Elhaj-Chehade
5414 Cedar Springs, #806
Dallas, Texas  75235
(214) 521-7541

*Certified Mail, Return Receipt:* 7002 0510 0004 4353 4345

_____
Mark C. Roberts II

K:\35200\02\pldgs\response to prelim injunction.doc

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
RESPONSE TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION - Page 5**