IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| EDUCATIONAL COMMISSION FOR § | | 3:01-CV-01301-L |
| FOREIGN MEDICAL GRADUATES, § | | |
| Defendant. § | | |

## DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' REPLY TO CHEHADE'S RESPONSE TO MOTION FOR SANCTIONS

Defendant, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG"), in the above-entitled and numbered cause, files this Reply to Chehade's Response to Motion For Sanctions. In support thereof, ECFMG would respectfully show this Court as follows:

1. On or about June 24, 2002, Chehade filed his Response to ECFMG's Motion for Sanctions. ECFMG believes that it has already addressed the bulk of the issues presented in Chehade's Response and further briefing is unnecessary unless specifically requested by this Court. However, ECFMG would like to make four points.

*a.  ECFMG Has Not Refused To "Identify And Meet Plaintiff's Needs"*

2. Chehade alludes to a purported refusal by ECFMG to "meet his needs" after a conversation between Chehade and the undersigned counsel, Mark C. Roberts II.[1] Actually, Chehade approached Roberts to see if ECFMG was willing to settle the case.

---

[1] ECFMG realizes that settlement negotiations typically have little to no bearing on the substantive merits of the case. However, because of the atypical nature of this case, ECFMG believes such discussions are relevant to the issue of sanctions with respect to vexatious litigants. Additionally, because of the vagueness of Chehade's pleadings, these settlement negotiations are the only clue as to what Chehade appears to be seeking in his attempt to have ECFMG "identify and meet" his "needs."

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
REPLY TO CHEHADE'S RESPONSE TO MOTION FOR SANCTIONS** - Page 1

*See* Roberts Affidavit at para. 3. Roberts stated that ECFMG had made the last offer at mediation and, if Chehade wanted to propose settlement, he should make a counter offer. Chehade only demanded that ECFMG identify and meet his needs. *See* Roberts Affidavit at para. 3. Roberts pressed Chehade for an identification of what "identifying and meeting his needs" entailed so that Roberts would be able to communicate that to ECFMG. *See* Roberts Affidavit at para. 3. Despite repeated attempts, Chehade would not provide an answer but did state it included receiving the "average salary" of doctors for the last ten years. *See* Roberts Affidavit at para. 3. Chehade refused to elaborate on what else it entailed. *See* Roberts Affidavit at para. 3.

b. *Chehade's Claim That ECFMG Must "Identify And Meet Plaintiff's Needs" Is Frivolous*

3. As discussed in ECFMG's Motion for Sanction and its Motion for Summary Judgment, ECFMG has had great difficulty in responding to Chehade's pleadings because of their ambiguity. Chehade's Response appears to resolve *some* of that difficulty by citing to APP247 and APP249 of ECFMG's Appendix. It is these documents that Chehade uses as support for his claim that ECFMG owes a "life-term duty to identify and meet [Chehade's] NEEDS and maximize his benefits." (*See* Chehade's Response Page 1, Paragraph 1).

4. APP247 and APP249 appear to be copies of ECFMG's stated purpose to obtain tax exempt status under Section 501 (c)(3) of the Internal Revenue Code.[2] But Chehade wholly lacks any standing to challenge ECFMG's tax exempt status. *See*

---

[2] APP247 and APP249 are actually copies of items submitted by Chehade. They were included in ECFMG's Appendix because ECFMG was providing the Court copies of Chehade's filings for reference. These items were not properly authenticated by Chehade and were objected to in ECFMG's Response to

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
REPLY TO CHEHADE'S RESPONSE TO MOTION FOR SANCTIONS - Page 2**

*Nilavar v. Mercy Health System Western Ohio*, 142 F.Supp.2d 859, 883 (S.D.Ohio 2000); *Nickerson v. Texas*, 35 F.Supp.2d 512, 516 (E.D.Tex. 1998), *aff'd*, 209 F.3d 718 (5th Cir. 2000), *cert. denied*, 531 U.S. 814 (U.S. 2000); *Guerra v Guajardo*, 466 F.Supp. 1046, 1053 (S.D.Tex. 1978), *aff'd*, 597 F.2d 769 (5th Cir. 1979); *ASARO Inc. v. Kadish*, 490 U.S. 605, 614 (1989)(requiring taxpayers to demonstrate an injury distinct from that suffered by taxpayers in general). *See also* ECFMG's Motion for Summary Judgment filed on or about June 3, 2002 at Paragraphs 67-71.

5. Even if Chehade did have standing, a cursory reading of APP247 and APP249 reveals no duty to "meet Chehade's needs." While APP247 does state that one of the purposes of ECFMG is to "identify the cultural and professional needs of graduates of foreign medical schools," there is no representation of meeting those "needs." However, ECFMG's stated purposes in no way represents that each and every "need" alleged by any applicant is in any way guaranteed. Chehade's assertion that such a guarantee is stated to implied is patently false and further demonstrates the frivolous nature of his suit.

6. Instead, ECFMG's purpose is to provide a uniform certification process for graduates of foreign medical programs into residency programs in the United States. *See* ECFMG's Brief in Support of Motion for Summary Judgment, Paragraphs 4-43. This process fulfills ECFMG's stated purposes for tax exempt status.

c.   *Chehade Continues To Ignore Court Orders*

7. Chehade's response further evidences his disrespect for federal courts and their orders. ECFMG's Motion for Sanctions specifically pointed out that Chehade has

---

Chehade's Motion for Summary Judgment. Without waiving any objection, ECFMG will assume, for purposes of argument, that they are authentic.

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
REPLY TO CHEHADE'S RESPONSE TO MOTION FOR SANCTIONS - Page 3**

been warned numerous times to cease making unfounded allegations of ex parte communications and judicial bias. In reply, Chehade's response alleges court "bias" by making statements of "sickening and shameful... judges [who] acted like cheerleaders for the defendants violations of the law." He also continues to allege ex parte communications. Simply put, when one points out Chehade's violation of prior court orders, Chehade response is to violate the orders once again. This demonstrates Chehade lack of control over his overly litigious nature and justifies the imposition of sanctions.

d.  *Chehade's death threat?*

8.  In early June of 2002, Chehade contacted Roberts by telephone to confer about various matters in this case. At the end of the conversation, Chehade instructed Roberts to "tell your client I'm no longer afraid of them." *See* Roberts Affidavit at para. 2. Chehade has previously informed this court that "the matter is reaching a boiling point of no return and the plaintiff will never allow anybody, specially judges and attorneys, to achieve enjoyment and prosperity at the expenses of the plaintiff's NEEDS..." *See* APP 281 attached to ECFMG's Motion for Sanctions.

9.  On July 1, 2002, Chehade filed an "emergency request for a preliminary injunction." *See* Roberts Affidavit, Exhibit A. This request for a preliminary injunction contains the following statement:

> The plaintiff asserts that all his current injuries so far are reversible upon the defendants start properly identifying and meeting the plaintiff's needs – the only thing that is irreversible are loss of lives – luckily none so far, and the plaintiff is asking the court to make the defendants stop their tampering with the plaintiff's life – it is a known fact that stress shorten lifespan and it is unhealthy.

*See* Roberts Affidavit, Exhibit A, page 1-2, paragraph 5.

10.     Because of the vagueness in Chehade's pleadings, ECFMG is unable to precisely determine whether this allegation, coupled with Chehade's other statements, is some type of a death threat against ECFMG's representatives, attorneys, or the judges in this case. If this is a threat against ECFMG, then it goes without saying that Chehade is much more than a mere vexatious litigant.

11.     If, instead, Chehade is merely implying that ECFMG's failure to "identify and meet his needs" is causing his death, ECFMG contends that ill effects of this suit on Chehade, if any, are merely a result of the typical type of stress and annoyance any litigant feels. It further demonstrates the frivolity of his pleadings.

## PRAYER

12.     ECFMG prays that the Court grant its Motion for Sanctions. ECFMG also prays that the Court order any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

HENSLEE, FOWLER, HEPWORTH & SCHWARTZ, L.L.P.

By: _____
Susan Abbott Schwartz
State Bar No. 00797900
Mark C. Roberts II
State Bar No. 00788293

6688 N. Central Expressway, Suite 850
Dallas, Texas 75206
(214) 219-8833
(214) 219-8866 – Fax

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of July, 2002, a true and correct copy of the above and foregoing document was served upon the following party appearing *pro se* of record via certified mail, return receipt requested:

Jamal Elhaj-Chehade   *Certified Mail, Return Receipt: 7002 0510 0004 4353 4352*
5414 Cedar Springs, #806
Dallas, Texas 75235
(214) 521-7541

_____
Mark C. Roberts II

K:\35200\02\pldgs\vex litigant-motion-reply.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE,<br>Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES,<br>Defendant. | § § § § | 3:01-CV-01301-L |

## AFFIDAVIT OF MARK C. ROBERTS II

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, personally appeared Mark C. Roberts II, who being duly sworn by me, deposed and testified as follows:

1. "My name is Mark C. Roberts II. I am of sound mind and over the age of 21 years. I am capable of making this Affidavit. I have personal knowledge of all the facts stated in this affidavit and they are true and correct. I have been licensed to practice law in Texas since 1993 and the Northern District of Texas since 1994. I have also been admitted to practice in the Southern and Eastern Districts of Texas and before the Fifth Circuit Court of Appeals for the United States. I am counsel of record in the following suits:

   a. *'Jamal Elhaj-Chehade v ECFMG, et al' Civil Action No. 3:99-CV0680-D in the United States District Court for the Northern District of Texas, Dallas Division* which was filed in 1999 ('The Prior Suit').

   b. *'Jamal Elhaj-Chehade v. Educational Commission for Foreign Medical Graduates' No. 01-10147 in the United State Court of Appeals for the Fifth Circuit* which was an appeal of the Prior Suit (hereinafter 'the Appeal');

   c. The above-style cause (the 'Current Suit').

**AFFIDAVIT OF MARK C. ROBERTS II** – Page 1

2. In early June of 2002, Chehade contacted me by telephone to confer about various matters in this case. At the end of the conversation, Chehade instructed me to "tell your client I'm no longer afraid of them." Chehade has previously informed this court that "the matter is reaching a boiling point of no return and the plaintiff will never allow anybody, specially judges and attorneys, to achieve enjoyment and prosperity at the expenses of the plaintiff's NEEDS..." *See* APP 281 attached to ECFMG's Motion for Sanctions.

3. On or about June 22, 2002 I received a call from Chehade who asked if ECFMG would be interested in trying to settle the above-referenced cases. I indicated that although ECFMG considered Chehade's claims to be without merit, I thought ECFMG would consider any reasonable settlement demand from Chehade. I further indicated that, based on negotiations at mediation and the general course of litigation, Chehade's definition of "reasonable" would be very different from ECFMG's.

4. I further stated that ECFMG had made the last offer at mediation. If Chehade wanted to try to settle, he should make a counter-demand. Chehade merely stated he wanted ECFMG to identify and meet his needs. I informed Chehade that such a request was so vague that ECFMG would be unable to respond. I suggested that he make a more typical demand in the form of a monetary amount. I made this suggestion numerous times to no avail. The most Chehade would provide me that any amount must include the 'average salary of doctors' for the last ten years.

5. The attached Exhibit A is a true and correct copy of pleadings I received in this case from Chehade.

Further affiant sayeth not."

_____
Mark C. Roberts II

SUBSCRIBED and SWORN to before me this 2nd day of July 2002, to which certify my hand and seal.



_____
Notary Public in and for the State of Texas
My Commission Expires: 7/13/04

K \35200\02\pldgs\MCR Aff-Sanctions 2 doc

# EXHIBIT 'A'

**In the United States District Court for the Northern District of Texas**
**Dallas Division**

(USA and )
Jamal Elhaj-Chehade
    Co- plaintiff
Vs.                                                                 3:01-CV-01301-L
Educational Commission for Foreign Medical Graduates
Et al   entities and individuals) Defendants

   Plaintiff's notice to the court reaffirming his emergency request for a preliminary injunction regarding the defendants continuous violations
July1, 2002

Comes now on this date the plaintiff is filing this urgent notice to the court as follow:

### FACTS

1- The defendants admitted to the US Government that they exist for the purpose and role to identify the plaintiff's **needs** and meet those needs and to promote his excellence and advancement, and provide him with the requested information and to maximize his benefits and to serve his best interests and to expand his opportunities etc....

2- The plaintiff cannot apply/obtain his license or obtain an employment or advance in his life unless after the defendants fully and satisfactory identify and met the plaintiff's needs—therefore the defendants are taking the plaintiff as a hostage and the defendants are thus liable for any delay in the advancement of the plaintiff etc...

3- The plaintiff suffered all unjust treatment by the courts. The court delayed the initiation of proceeding in the case 3;99-CV-680-D for **nine months** making it useless and **unprosecutable-see footnote at the end**(??!! Limiations...) and the proceeding did not occur until the plaintiff **was coerced** to consent before a Magistrate judge..- therefore the case 3:99-CV-680-D officially did not exist and the **proceeding was made to look like everything was legal**--- Therefore this court does have a duty to compensate for the injustice done to the plaintiff by stopping and limiting the injuries and promoting the reversal or the healing process as soon as possible, and by stooping the defendants continuous violations. Simply the defendants must never have a free hand violating the laws.

4- The court in the previous cases acted with a predetermined and pre known decision( meaningless) and the defendants attorney admitted on April 11, 2002 at 1:03 PM to the long existing exparte communication between his client and the court(?)that everything is predetermined and already taking care of with the court between the defendants and the court—it is shocking and unconceivable.

5- The plaintiff asserts that all his current injuries so far are still reversible upon the defendants start properly identifying and meeting the plaintiff's needs- the only thing that is irreversible are loss of lives- luckily none so far, and the plaintiff is

1

asking the court to make the defendants stop their tampering with the plaintiff's life- it is a known fact that stress shorten lifespan and it is unhealthy.

6- The plaintiff asserts that the sooner the defendants start identifying and meeting the plaintiff's needs, the easier the reversibility of the plaintiff damages. Therefore the plaintiff is asking for a preliminary partial emergency reliefs pertaining to start identifying and meeting of the plaintiff's needs and promote his advancement etc…Such reliefs do not necessarily require a trial. There is no purpose to keep the plaintiff as a hostage etc…

7- The plaintiff demanded that the defendants start identifying and meeting the plaintiff's needs before July 2002, but none so far. Which clearly provide evidence against the defendants violations. The delay beyond July constitutes an extra year loss for the plaintiff.

8- Whatever arguments and discussing and excuses by the court and the defendants. THERE IS NO ALTERNATIVE or exemption: **THE DEFENDANTS MUST IDENTIFY AND MEET THE PLAINTIFF"S NEEDS etc.. and this is a plaintiff's right. Even assuming that the defendants prevail in all the litigations, then what is next? Next is to identify and meet the plaintiff's needs because there is no escape. And the sooner they comply the better for all parties.**

9- The plaintiff is entitled to have urgent relief: urgent relief regarding the plaintiff's needs will remove the stress from the plaintiff and expedite the process of healing and serve the plaintiff and the public/community best interests and it will also serve the defendants interests by reducing their liabilities---- and the plaintiff does have a meritous claims and prevailing case since evidence speak for themselves against the defendants into the plaintiff's favor.

10- The court ordering such relief is an urgent request- other matters can wait in decision.

11- The plaintiff is asking this court to stop the violations of the defendants who made it clear of their INTENTION TO RETALIATE against the plaintiff

12- ALL the defendants legal gains constitute evidence of the defendants unjust enrichment( this cause of action) and the plaintiff is filing his counterclaims against every claim by the defendants in treble amount.

> The plaintiff asking this court to concentrate upon the meaning of this litigation and not over any other less relevant issues- There is **a great difference** between the violations of the defendants( who constantly and arrogantly brag about their repetitive and ongoing and lack of respect of the US laws) and the involuntary struggling behavior of other parties( plaintiff) who have shown their allegiance to the US and its laws. The court must focus its attention on the **ORIGINAL SINS**( defendants violations).

2