U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

**ORIGINAL**

CLERK U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 3:01-CV-01301-L |
| FOREIGN MEDICAL GRADUATES, | § | |
|     Defendant. | § | |

### DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' WITNESS LIST

COMES NOW **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG")**, Defendant herein, and makes the following pre-trial disclosures:

1.  **PROBABLE WITNESSES FOR THE DEFENDANT:**

    a.  William C. Kelly
        Manager, Medical Education Credentials Department
        Educational Commission for Foreign Medical Graduates
        3624 Market Street
        Philadelphia, Pennsylvania 19104-2685
        (215) 386-5900

        Mr. Kelly is expected to testify that ECFMG is a not-for-profit organization and that the ECFMG, through its program of certification, assesses whether graduates of foreign medical schools are ready to enter residency or fellowship programs in the United States that are accredited by the Accreditation Council of Graduate Medical Education. ("ACGME") Mr. Kelly is expected to testify that ECFMG certification does not guarantee that foreign medical school graduates will be accepted into residency or fellowship programs. Mr. Kelly is expected to testify that there are approximately 1400 foreign medical schools throughout the world, with varying educational standards and curricula and, that during the time period of 1985 to 1989, the ECFMG administered thousands of medical science examinations annually to students and graduates of foreign medical schools. Mr. Kelly will also testify that ECFMG is not funded by or through the United States Government or the State of Texas.

        Mr. Kelly will further testify that to be eligible for certification by ECFMG,

graduates of foreign medical schools must: (1) pass a series of exams and (2) provide ECFMG with copies of a medical diploma that must be verified independently by the medical school to ECFMG. Mr. Kelly will further testify that in certain limited circumstances, when the foreign medical school does not respond to the ECFMG's requests for verification of the medical diplomas of the medical school's graduates, ECFMG policy permits an alternate verification process. Mr. Kelly will testify about the criteria to fulfill this alternate verification process.

Mr. Kelly will also testify that the Plaintiff's medical school did not respond to the inquiries of ECFMG and that Plaintiff did not fulfill the criteria for the alternate verification process.

Mr. Kelly will further testify that Plaintiff did receive a Standard ECFMG certificate. The Standard ECFMG Certificate contains the applicant's name, ECFMG number, the dates he passed the basic science, clinical science and English examination and the date issued. Mr. Kelly will also testify that The Standard Certificate will show the date of expiration of the English examination for the purpose of entry into a residency program. Mr. Kelly will testify that to re-validate the English test, the English exam must be repeated. Mr. Kelly will testify about the record keeping of the ECFMG on a candidate's file, including Plaintiff.

Mr. Kelly will testify that ECFMG has no record of any inquiry from any residency program concerning the Plaintiff or his certificate at any time. Mr. Kelly will further testify that Plaintiff did not return his ECFMG certificate for validation of his 1990 English examination. Mr. Kelly will further testify that between 1994 and 1997, Plaintiff let the validity of his English examination lapse, thus making him ineligible for entry into an accredited residency program. Mr. Kelly will testify that Plaintiff passed the English examination and was issued a validation sticker for his certificate in March of 1997.

Mr. Kelly will further testify that once an applicant has been certified by the ECFMG, the role of the ECFMG is limited. The ECFMG does not initiate any contact with program directors of various residency programs, but will respond to inquires regarding an applicants' certification by these program directors. Mr. Kelly will also testify that the ECFMG has no knowledge or information about any application that Plaintiff may have sent to any medical residency program due to the fact that ECFMG does not participate in the decision making process of any residency training program.

Mr. Kelly will testify that ECFMG made no promise to Plaintiff that it would assist him in obtaining admission into a residency program, did not promise it would verify Plaintiff's medical credentials within a certain time period, did not enter into a contract with Plaintiff, did not publish or send any false correspondence concerning Plaintiff to any third party, did not conspire with any person or entity to inflict a

wrong or injury on the Plaintiff, and that Plaintiff was not an employee of ECFMG. Mr. Kelly will further testify about the J-1 Visa and its relationship to the ECFMG and that ECFMG has no control over who receives a J-1 Visa.

Mr. Kelly will testify to various documents listed in this Pre-Trial Disclosure that were submitted to ECFMG by the Plaintiff and their meaning as well as documents sent to the Plaintiff by ECFMG and their meaning and that these documents were kept in the ordinary course of business.

Mr. Kelly has not been deposed.

b. Mark C. Roberts II
Henslee, Fowler, Hepworth & Schwartz, L.L.P.
6688 North Central Expressway
Suite 850
Dallas, Texas 75206-3913
(214) 219-8833

Mr. Roberts will testify as to the reasonable and customary nature of the attorney's fees and expenses incurred by the Defendant. Mr. Roberts will testify that the work performed by the Defendant's attorneys was reasonable and necessary and that the fees and expenses incurred were both reasonable and customary. Mr. Roberts will testify as to his educational background, his professional accomplishments and his expertise on the issue of attorney fees and expenses. Mr. Roberts has not been deposed.

c. Jamal Elhaj-Chehade
5414 Cedar Springs #806
Dallas, Texas 75235
(214) 521-7541

The Plaintiff will likely testify as to his various causes of actions and his alleged damages. The Plaintiff has been deposed.

2. **POSSIBLE WITNESSES FOR THE DEFENDANT:**

a. Dennis Donohue
Senior Vice President
Educational Commission for Foreign Medical Graduates
3624 Market Street
Philadelphia, Pennsylvania 19104-2685
(215) 386-5900

Mr. Donohue is expected to testify regarding the business structure and organization

of the ECFMG, the nature and extent of the testing done through ECFMG, the certification requirements and what the Plaintiff's actions regarding both the testing and certification requirements of ECFMG. Mr. Donohue will testify that the ECFMG does not establish admission criteria of individual residency programs nor does it establish licensing criteria for state medical boards. Mr. Donohue will also testify that once an applicant has been certified by ECFMG, the role of the ECFMG is limited in that ECFMG will only confirm and verify an applicant's ECFMG certification upon request by an inquiring residency training program director. Mr. Donohue will further testify that ECFMG does not initiate communication with any residency program about a holder of an ECFMG certificate unless requested to do so by an applicant.

Mr. Donohue will testify that ECFMG made no promise to Plaintiff that it would assist him in obtaining admission into a residency program, did not promise it would verify Plaintiff's medical credentials within a certain time period, did not enter into a contract with Plaintiff, did not publish or send any false correspondence concerning Plaintiff to any third party, did not conspire with any person or entity to inflict a wrong or injury on the Plaintiff and that Plaintiff was not an employee of ECFMG. Mr. Donohue will further testify about the J-1 Visa and its relationship to the ECFMG and that ECFMG has no control over who receives a J-1 Visa.

Mr. Donohue will testify to various documents listed in this Pre-Trial Disclosure that were submitted to ECFMG by the Plaintiff and their meaning as well as documents sent to the Plaintiff by ECFMG and their meaning.

Mr. Donohue has not been deposed.

b. Karen Mills
Educational Commission for Foreign Medical Graduates
3624 Market Street
Philadelphia, Pennsylvania 19104-2685
(215) 386-5900

Ms. Mills is expected to testify regarding the business structure and organization of the ECFMG, the nature and extent of the testing done through ECFMG, the certification requirements and what the Plaintiff's actions regarding both the testing and certification requirements of ECFMG. Ms. Mills will testify to various documents submitted to ECFMG by the Plaintiff and their meaning as well as documents sent to the Plaintiff by her from the ECFMG and their meaning.

Ms. Mills has not been deposed.

c. Defendant reserves the right to call any witnesses designated by the Plaintiff as witnesses that the Plaintiff expects to call or may call if the need arises.

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES' WITNESS LIST – Page 4**

3. **DEFENDANT'S EXPERT WITNESSES:**

    a.    Mark C. Roberts II
           Henslee, Fowler, Hepworth & Schwartz, L.L.P.
           6688 North Central Expressway
           Suite 850
           Dallas, Texas 75206-3913
           (214) 219-8833

           Mr. Roberts will testify as to the reasonable and customary nature of the attorney's fees and expenses incurred by the Defendant. Mr. Roberts will testify that the work performed by the Defendant's attorneys was reasonable and necessary and that the fees and expenses incurred were both reasonable and customary. Mr. Roberts will testify as to his educational background, his professional accomplishments and his expertise on the issue of attorney fees and expenses.

           Mr. Roberts has not been deposed.

4. **DEFENDANT'S RECORD CUSTODIANS:**

    a.    William C. Kelly
           Manager, Medical Education Credentials Department
           Educational Commission for Foreign Medical Graduates
           3624 Market Street
           Philadelphia, Pennsylvania 19104-2685
           (215) 386-5900

           Mr. Kelly is expected to testify that ECFMG is a not for profit organization and that the ECFMG, through its program of certification, assesses whether graduates of foreign medical schools are ready to enter residency or fellowship programs in the United States that are accredited by the Accreditation Council of Graduate Medical Education. ("ACGME") Mr. Kelly is expected to testify that ECFMG certification does not guarantee that foreign medical school graduates will be accepted into residency or fellowship programs. Mr. Kelly is expected to testify that there are approximately 1400 foreign medical schools throughout the world, with varying educational standards and curricula and, that during the time period of 1985 to 1989, the ECFMG administered thousands of medical science examinations annually to students and graduates of foreign medical schools. Mr. Kelly will also testify that ECFMG is not funded by or through the United States Government or the State of Texas.

Mr. Kelly will further testify that to be eligible for certification by ECFMG, graduates of foreign medical schools must: (1) pass a series of exams and (2) provide ECFMG with copies of a medical diploma that must be verified independently by the medical school to ECFMG. Mr. Kelly will further testify that in certain limited circumstances, when the foreign medical school does not respond to the ECFMG's requests for verification of the medical diplomas of the medical school's graduates, ECFMG policy permits an alternate verification process. Mr. Kelly will testify about the criteria to fulfill this alternate verification process.

Mr. Kelly will also testify that the Plaintiff's medical school did not respond to the inquiries of ECFMG and that Plaintiff did not fulfill the criteria for the alternate verification process.

Mr. Kelly will further testify that Plaintiff did receive a Standard ECFMG certificate. The Standard ECFMG Certificate contains the applicant's name, ECFMG number, the dates he passed the basic science, clinical science and English examination and the date issued. Mr. Kelly will also testify that The Standard Certificate will show the date of expiration of the English examination for the purpose of entry into a residency program. Mr. Kelly will testify that to re-validate the English test, the English exam must be repeated. Mr. Kelly will testify about the record keeping of the ECFMG on a candidate's file, including Plaintiff.

Mr. Kelly will testify that ECFMG has no record of any inquiry from any residency program concerning the Plaintiff or his certificate at any time. Mr. Kelly will further testify that Plaintiff did not return his ECFMG certificate for validation of his 1990 English examination. Mr. Kelly will further testify that between 1994 and 1997, Plaintiff let the validity of his English examination lapse, thus making him ineligible for entry into an accredited residency program. Mr. Kelly will testify that Plaintiff passed the English examination and was issued a validation sticker for his certificate in March of 1997.

Mr. Kelly will further testify that once an applicant has been certified by the ECFMG, the role of the ECFMG is limited. The ECFMG does not initiate any contact with program directors of various residency programs, but will respond to inquires regarding an applicants' certification by these program directors. Mr. Kelly will also testify that the ECFMG has no knowledge or information about any application that Plaintiff may have sent to any medical residency program due to the fact that ECFMG does not participate in the decision making process of any residency training program.

Mr. Kelly will testify that ECFMG made no promise to Plaintiff that it would assist him in obtaining admission into a residency program, did not promise it would verify Plaintiff's medical credentials within a certain time period, did not enter into a contract with Plaintiff, did not publish or send any false correspondence concerning

Plaintiff to any third party, did not conspire with any person or entity to inflict a wrong or injury on the Plaintiff and that Plaintiff was not an employee of ECFMG. Mr. Kelly will further testify about the J-1 Visa and its relationship to the ECFMG and that ECFMG has no control over who receives a J-1 Visa.

Mr. Kelly will testify to various documents listed in this Pre-Trial Disclosure that were submitted to ECFMG by the Plaintiff and their meaning as well as documents sent to the Plaintiff by ECFMG and their meaning and that these documents were kept in the ordinary course of business.

Mr. Kelly has not been deposed.

5. **CONCLUSION:**

Defendant has made a good faith and diligent effort to identify all persons who Defendant believes are "probable witnesses," "possible witnesses," "expert witnesses," and "record custodians" as outlined in the Court's scheduling order. Defendant will immediately supplement this information should it uncover additional information or documents in its possession that should be disclosed.

Respectfully submitted,

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, P.L.L.C.

By: _____
Mark C. Roberts II
State Bar No. 00788293

6688 North Central Expressway
Suite 850
Dallas, Texas 75206-3913
(214) 219-8833
(214) 219-8866 - Facsimile

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of August 2002, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure.

Jamal Elhaj-Chehade  
5414 Cedar Springs, #806  
Dallas, TX  75235

*Certified Mail, Return Receipt:* 7002 0510 0004 4353 3737

_____  
Mark C. Roberts II

K:\35200\02\pldgs\witness.list.doc

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN**  
**MEDICAL GRADUATES' WITNESS LIST – Page 8**