


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-1301-L |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Extricate the Non-Federal Charges, filed September 17, 2001; Plaintiff's Motion to Answer Out of Time to the Defendant's Status Filing, filed September 27, 2001; Plaintiff's Motion [for] Leave to Amend Complaint, filed March 11, 2002; Plaintiff's Motion for a Proceeding De Novo, filed April 30, 2002; Plaintiff's Motion for an Emergency (Injunctive) Relief and Compliance, filed May 23, 2002; Plaintiff's Motion for Summary Judgment and Preliminary Injunction, filed May 29, 2002; Defendant Educational Commission for Foreign Medical Graduates's Motion for Summary Judgment, filed June 3, 2002; Plaintiff's Motion [for] Leave to Answer Out of Time, filed June 10, 2002; Defendant Educational Commission for Foreign Medical Graduates's Motion for More Definite Statement, filed June 10, 2002; Defendant Educational Commission for Foreign Medical Graduates's Motion for Sanctions, filed June 21, 2002; and Plaintiff's Motion to Freeze the Assets of the Defendant[], filed July 22, 2002. For the reasons stated herein, the court **grants** Defendant Educational Commission for Foreign Medical Graduates's Motion for Summary Judgment, **denies** Plaintiff's Motion for Summary Judgment and

Memorandum Opinion and Order - Page 1

Preliminary Injunction, **denies** Plaintiff's Motion [for] Leave to Amend Complaint, **denies** Plaintiff's Motion [for] Leave to Answer Out of Time, and **denies as moot** Plaintiff's Motion to Extricate the Non-Federal Charges, Plaintiff's Motion to Answer Out of Time to the Defendant's Status Filing, Plaintiff's Motion for a Proceeding De Novo, Plaintiff's Motion for an Emergency (Injunctive) Relief and Compliance, Defendant Educational Commission for Foreign Medical Graduates's Motion for More Definite Statement, and Plaintiff's Motion to Freeze the Assets of the Defendant[].

## I. Facts and Procedural Background

Plaintiff Dr. Jamal Elhaj-Chehade ("Chehade") sues Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") for alleged violations of the tax laws; fraud; violation of non-profit status, including section 501(C)(3) of the Internal Revenue Code; violation of contract; corruption; illegal seizure or retention of his property; denial of access to use and contract; emotional distress and alienation; double jeopardy; public nuisance; and interference with his right to work. *See* Complaint at 1. Plaintiff Chehade is a graduate of a foreign medical school located in Romania. Defendant ECFMG is a not-for-profit organization which, through its certification program, assesses whether graduates of foreign medical schools are ready to enter accredited medical residency or fellowship programs in the United States. Defendant ECFMG's certification of foreign medical school graduates assures directors of accredited residency and fellowship programs that a graduate has met minimum standards of eligibility required to enter these programs. To be eligible for certification, a foreign medical school graduate must (1) pass a series of exams and (2) provide Defendant ECFMG with copies of a medical diploma that it independently verifies with the

graduate's medical school. The primary reason for independent verification of medical school completion is to ensure that medical diplomas are authentic.

The series of exams for ECFMG certification test basic medical science knowledge, clinical science knowledge, and command of the English language. Once the foreign medical graduate passes the basic medical science and clinical science examinations within a seven-year period, the exams generally do not need to be repeated. The English exam, however, is valid for only two years for the purpose of entry into a residency program. Accordingly, if the foreign medical graduate does not enter an accredited residency program within two years of passing the English exam, he must retake and pass the exam to regain eligibility.

The diploma verification process requires Defendant ECFMG to verify a foreign medical graduate's diploma with the appropriate officials of the foreign medical school that issued the diploma. It obtains this verification by submitting a formal request to the school. This requirement is satisfied once Defendant ECFMG receives the verification directly from the medical school. In certain limited circumstances, when the foreign medical school does not respond to Defendant ECFMG's request, there are two alternate verification procedures. First, it will consider sworn attestations from three physicians who were fellow students or faculty members at the foreign medical graduate's medical school, or who had other personal knowledge that the foreign medical graduate attended the specified medical school and graduated with a Doctor of Medicine or equivalent medical degree. Second, Defendant ECFMG can request the United States Embassy in the foreign medical graduate's home country to act as a conduit to the medical school to obtain verification of the diploma.

On March 1, 1985, Plaintiff Chehade submitted his application to take the basic medical science, clinical science, and English examinations necessary for ECFMG certification. Over the next few years, after numerous attempts, he passed each of the examinations.[1] During this time period, however, Defendant ECFMG could not obtain verification of his diploma through his Romanian medical school. Defendant ECFMG initially attempted to verify Chehade's diploma in August 1986, but it received no response from his medical school. In November 1987 and again in June 1989, following one of the alternative verification procedures, it sent Plaintiff Chehade the attestation forms for three of his medical school colleagues to verify his credentials. He did not return the affidavits to Defendant ECFMG. On April 21, 1989, Defendant ECFMG again sent a request for verification to Chehade's medical school, but it received no response. Accordingly, on March 21, 1989, Defendant ECFMG notified Chehade that although he passed all the required examinations for ECFMG certification, he was ineligible for an ECFMG certificate, because his diploma had not been verified.

In June 1989, Defendant ECFMG therefore advised Plaintiff Chehade of the alternate method to request verification of his diploma through the U.S. Embassy in Romania. Accordingly, in August 1989, Defendant ECFMG sent a verification request to the U.S. Embassy in Bucharest, Romania for six candidates, including Chehade, who had attended three different medical schools in Romania. In July 1990, Defendant ECFMG received verification of Chehade's medical diploma through the U.S. Embassy.

---

[1] It took Plaintiff Chehade five attempts to pass the English exam, seven attempts to pass the clinical science exam, and eight attempts to pass the basic medical science exam.

**Memorandum Opinion and Order - Page 4**

On August 7, 1990, Defendant ECFMG issued Chehade a "Letter of Certification" signifying that he had completed all of the requirements for certification. The letter specified, however, that his eligibility to enter a residency program expired in July 1990, because this was the two-year expiration date of Chehade's most recent passing English exam score. Plaintiff Chehade took another English exam on July 18, 1990, shortly before Defendant ECFMG issued the certification letter, but the results of this exam were not yet available. Accordingly, Chehade's certification letter and an official Standard ECFMG Certificate, issued by Defendant ECFMG on October 31, 1990, could not reflect that Chehade had taken, and ultimately passed, the July 18, 1990 exam. As a result, it *appeared* from the certificates that his eligibility for admittance into a residency program expired in July 1990, although the passing results on the July 18, 1990 exam extended his eligibility to July 1992. After the English exam scores were released any residency program interested in Plaintiff Chehade could have contacted Defendant ECFMG to determine that he was actually eligible for admission into a program until July 1992. No residency programs contacted Defendant ECFMG regarding Plaintiff Chehade.

Plaintiff Chehade allowed his ECFMG English exam validation to lapse between 1994 and 1997 because he was out of the country. He therefore had to again pass the English exam to re-validate his certification, and to regain eligibility to enter a residency program. He took and passed the Test of English as a Foreign Language exam ("TOEFL") in January 1997.[2]

On March 18, 1997, Defendant ECFMG received notification that Chehade passed the January 1997 TOEFL exam. Approximately one week later, Defendant ECFMG received a letter

---

[2]Plaintiff Chehade also took and passed Defendant ECFMG's English exam in March 1997.

**Memorandum Opinion and Order - Page 5**

from Chehade requesting that it send him a re-validation sticker based on his passing score. Defendant ECFMG sent him a re-validation sticker the same day. Plaintiff Chehade's passing score meant that his ECFMG certification was now valid for purposes of entry into a residency program through January 1999. Plaintiff Chehade was not offered any position in a medical residency program. Defendant ECFMG never represented that it would assist him in securing admission to any such program, or guaranteed that certification assured admission.

On March 29, 1999, proceeding pro se, Chehade brought a previous lawsuit against Defendant ECFMG, styled *Jamal Elhaj-Chehade v. Educational Commission for Foreign Medical Graduates*, Civil Action No. 3:99-CV-0680-BC. The case was tried by consent before former United States Magistrate Judge Jane Boyle. Based on the foregoing facts, he brought claims for negligence, breach of contract, defamation, civil conspiracy, intentional infliction of emotional distress, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), discrimination and retaliation, due process violations, antitrust violations, slavery, and violation of Titles VI and IX.[3] He sought $20,000,000 in actual damages and $75,000,000 in punitive damages. By memorandum opinion and order dated January 4, 2001, and judgment dated January 10, 2001, Judge Boyle granted summary judgment dismissal of Plaintiff Chehade's claims. He appealed this disposition to the United States Court of Appeals for the Fifth Circuit, and his appeal was dismissed as frivolous by order and judgment dated December 12, 2001.

---

[3]Plaintiff Chehade's claim for violation of Title VI referred to a violation of 42 U.S.C. § 2000d *et seq.*, which prohibits federally funded educational programs from engaging in discrimination based on race, color, or national origin; and his claim for violation of Title IX referred to a violation of 20 U.S.C. § 1681 *et seq.*, which prohibits discrimination based on sex in federally funded educational programs. *See* Boyle January 4, 2001 Memorandum Opinion and Order at 28.

On July 6, 2001, during the pendency of the appeal, Plaintiff Chehade filed this second action against Defendant ECFMG. He herein asserts claims for violations of the tax laws; fraud; violation of non-profit status, including section 501(C)(3) of the Internal Revenue Code; violation of contract; corruption; illegal seizure or retention of the plaintiff's property; denial of access to use and contract; emotional distress and alienation; double jeopardy; public nuisance; and interference with his right to work. Defendant ECFMG moves for summary judgment dismissal of these claims contending that: (1) Plaintiff Chehade's claims for illegal seizure and double jeopardy fail to state claims upon which relief can be granted, (2) all of his claims are barred by res judicata, (3) his claims are time-barred, (4) he lacks standing to assert a claim with respect to Defendant ECFMG's status as a tax exempt organization under section 501(c)(3) of the Internal Revenue Code, and (5) he fails to raise genuine issues of material fact with respect to any of his claims. The court sets forth the summary judgment standard before considering these contentions.

## II. <u>Summary Judgment Standard</u>

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual

record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986); *Ragas,* 136 F.3d at 458.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied,* 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

### III. <u>Analysis</u>

As previously stated, Defendant ECFMG contends that it is entitled to summary judgment dismissal of Plaintiff Chehade's claims because: (1) his claims for illegal seizure and double jeopardy fail to state claims upon which relief can be granted, (2) all of his claims are barred be res judicata, (3) his claims are time-barred, (4) he lacks standing to assert a claim with respect to section 501(c)(3) of the Internal Revenue Code, and (5) he fails to raise genuine issues of material fact with respect to any of his claims. The court agrees with Defendant ECFMG's contention that each of Plaintiff Chehade's claims is barred by res judicata.[4]

The doctrine of "[r]es judicata ensures the finality of decisions. Under res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, *regardless of whether they were asserted or determined in the prior proceeding. Id.* (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940)(emphasis added). The doctrine therefore "encourages reliance on judicial decisions, bars

---

[4]Defendant ECFMG's alternative summary judgment contentions likewise have merit. For instance, the court agrees with Defendant ECFMG's contention that Plaintiff Chehade's claims are time-barred by the statutes of limitations, because as discussed in more detail herein, the summary judgment evidence in this case indicates that the parties last interacted with one another in March 1997. There is no evidence in the record to suggest that the limitations periods on Plaintiff Chehade's claims were tolled. Accordingly, the limitations periods began to run no later than March 1997. Plaintiff Chehade's Complaint contains oblique references to a fraud claim and a breach of contract claim. These claim are subject to four-year limitations periods. *See* Tex. Civ. Prac. Rem. Code Ann. § 16.004 (Vernon Supp. 2001), § 16.051 (Vernon 1997). None of his other claims has longer limitations periods. This action was filed on July 6, 2001, which is several months after the four-year limitations periods expired on his fraud and breach of contract claims. As all of his claims are subject to this or shorter limitations periods, they are time-barred. The court does not, however, consider this or the other grounds for summary judgment in further detail, because res judicata bars all of Plaintiff Chehade's claims.

**Memorandum Opinion and Order - Page 9**

vexatious litigation, and frees the courts to resolve other disputes." 442 U.S. at 131. Res judicata may be applied only if four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Eubanks v.FDIC.*, 977 F.2d 166, 169 (5th Cir. 1992)(citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983)(en banc)).

There is no genuine issue of material fact that each of the requirements of res judicata is present in this case. First, the parties in both actions are identical. Plaintiff Chehade is the Plaintiff in this action, and was the Plaintiff in the action dismissed by Judge Boyle. Defendant ECFMG is the Defendant in this action, and was the Defendant in the action dismissed by Judge Boyle. Second, Judge Boyle had jurisdiction to enter the previous judgment, because federal question jurisdiction arose from Plaintiff Chehade's claims for violation of RICO, discrimination and retaliation, due process violations, antitrust violations, slavery, and violation of Titles VI and IX. Additionally, the parties consented to proceed before Judge Boyle on February 3, 2000.[5] Third, Judge Boyle entered a final judgment on the merits of the previous action when she granted summary judgment in favor

---

[5]Plaintiff Chehade appears to contend in this action that any order issued by Judge Boyle is invalid, because he gave his consent to proceed before her under duress. There is absolutely no evidence in the record to establish this contention. Plaintiff Chehade's signature on a "Consent to Proceed Before a United Magistrate Judge" form, filed February 3, 2000, is an unequivocal acknowledgment that he consented to proceed before Judge Boyle, and there is no evidence that suggests this consent was not freely given. Moreover, any claim that he was coerced to proceed before Judge Boyle should have been raised in his appeal of that cause of action. Assuming he raised the issue on appeal, as the Fifth Circuit deemed the appeal frivolous, this issue was dismissed on that ground. Further, if he did not raise the issue on appeal, it was waived. In either event, Judge Boyle entered judgment of dismissal in the previous action pursuant to a valid grant of authority, and there is not the slightest bit of evidence to suggest that she lacked jurisdiction to do so.

**Memorandum Opinion and Order - Page 10**

of Defendant ECFMG on January 4, 2001, and entered a corresponding judgment on January 10, 2001.

Finally, the same claims are involved in both actions. "To determine whether the same claim[s] [are] involved in two actions, [the Fifth Circuit applies] the transactional test of the Restatement (Second) of Torts § 24." 977 F.2d at 171. "Under this approach, the critical issue is whether the two actions were based on the 'same nucleus of operative facts.'" *Id.* (quoting *Howe v. Vaughan*, 913 F.2d 1138, 1144-45 (5th Cir.1990)). Accordingly, courts must "look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Id.* (citing *Nilsen*, 701 F.2d at 564, which held that "a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.").

As previously stated, Plaintiff Chehade filed the previous action against Defendant ECFMG on March 29, 1999. The record reflects that Defendant ECFMG last had contact of any kind with Plaintiff Chehade, outside of defending these successive lawsuits, in March 1997. The record also reflects that when Plaintiff Chehade filed the previous action in March 1999, all facts regarding his relationship with Defendant ECFMG were before the court, or could have been brought before the court. Likewise, when Judge Boyle issued the memorandum opinion and order and judgment that dismissed Plaintiff Chehade's previous action, all such facts were before the court, or could have been brought before the court.

In this action, Plaintiff Chehade has not brought forth any competent summary judgment evidence that demonstrates he has had any further interaction with Defendant ECFMG beyond their last interaction in March 1997, and the court can find no such evidence in the record. Moreover, Plaintiff Chehade has not brought forth any competent summary judgment evidence that any facts

**Memorandum Opinion and Order - Page 11**

or evidence related to the harm that Defendant ECFMG allegedly caused him was not available as of March 1997, or before he filed the previous action. Accordingly, the summary judgment evidence reflects that any harm Defendant ECFMG allegedly caused Plaintiff Chehade necessarily relates to facts that arose before their relationship ended in March 1997, and before he filed the previous action.

Plaintiff Chehade did not prevail in the previous action based on these facts. He now seeks another bite at the apple by asserting claims against Defendant ECFMG, based on different legal theories, for violations of the tax laws; fraud; violation of non-profit status, including 501(C)(3) of the Internal Revenue Code; violation of contract; corruption; illegal seizure or retention of the plaintiff's property; denial of access to use and contract; emotional distress and alienation; double jeopardy; public nuisance; and interference with his right to work. These claims cannot be maintained, because Plaintiff Chehade fails to bring forth any competent summary judgment evidence that they do not relate to the same nucleus of operative facts that gave rise to the prior unsuccessful claims, and the only competent summary judgment evidence indicates that the facts that gave rise to the previous action represent the extent of the parties' relationship.[6] This summary judgment evidence therefore indicates that the factual predicates were in place for Plaintiff Chehade to assert these claims in the previous action before Judge Boyle, but he failed to do so. His present attempt to assert new claims based on these facts is precisely the type of practice prohibited by res

---

[6]Plaintiff Chehade asserts conclusory statements in his submissions to the court that his current claims are based on actions that occurred after March 1997, and after Judge Boyle dismissed the previous suit. There is no competent summary judgment evidence to support these contentions, and the court cannot rely on mere assertions and unsubstantiated allegations to determine that a genuine issue of material fact exists with respect to the contentions. Accordingly, he has not brought forth any competent summary judgment evidence to raise genuine issues of material fact with respect to Defendant ECFMG's affirmative defense of res judicata.

**Memorandum Opinion and Order - Page 12**

judicata. As a result, he waived the claims, and they are barred by res judicata. There is no genuine issue of material fact regarding the issue of res judicata, and Defendant ECFMG is entitled to judgment as a matter of law.

### V. Miscellaneous Matters

*A.    Plaintiff's Motion for Summary Judgment*

The court has granted Defendant ECFMG's Motion for Summary Judgment. Accordingly, granting Plaintiff Chehade's summary judgment motion would be inconsistent with the court's ruling. Plaintiff's Motion for Summary Judgment therefore is **denied**.

*B.    Defendant's Motion for Sanctions*

The court referred Defendant's Motion for Sanctions to United States Magistrate Judge Paul Stickney by order of June 24, 2002. The order of reference is hereby **withdrawn**, and the court disposes of the motion as follows.

In light of the court's ruling granting summary judgment for Defendant ECFMG, the court sees no purpose served by imposing sanctions on Plaintiff Chehade, as Defendant ECFMG will be permitted to collect all costs of suit from him. Defendant's Motion for Sanctions therefore is **denied**.

*C.    Plaintiff's Motion [for] Leave to Amend Complaint*

The uncontroverted summary judgment evidence indicates that any claims asserted in Plaintiff Chehade's proposed amended complaint necessarily arise from facts that were the bases for the previous action. Accordingly, any such claims are barred for the reasons set forth herein, and an amendment would therefore be futile. Plaintiff Chehade's Motion [for] Leave to Amend Complaint therefore is **denied** on this ground.

**Memorandum Opinion and Order - Page 13**

### D. *Plaintiff Chehade's Motion [for] Leave to Answer Out of Time*

Plaintiff Chehade's Motion [for] Leave to Answer Out of Time seeks additional time for him to file responsive submissions to Defendant ECFMG's summary judgment motion. On June 7, 2002, he timely filed a response to the summary judgment motion. This response was consistent with the Federal Rules of Civil Procedure and the local rules of this district, and no further responsive submission was necessary. Plaintiff's Motion [for] Leave to Answer Out of Time therefore is **denied**.

### E. *Remaining Motions*

Plaintiff's Motion to Extricate the Non-Federal Charges, Plaintiff's Motion to Answer Out of Time to the Defendant's Status Filing, Plaintiff's Motion for a Proceeding De Novo, Plaintiff's Motion for an Emergency (Injunctive) Relief and Compliance, Defendant Educational Commission for Foreign Medical Graduates's Motion for More Definite Statement, and Plaintiff's Motion to Freeze the Assets of the Defendant[] would be of consequence only if the court determined that Plaintiff Chehade could proceed with his claims against Defendant ECFMG. As the court has granted summary judgment dismissal of all such claims, the motions are of no moment, and therefore are **denied** as moot.

### VI. **Conclusion**

For the reasons stated herein, there are no genuine issues of material fact regarding any of Plaintiff Chehade's claims. Defendant ECFMG's Motion for Summary Judgment therefore is **granted**, and Plaintiff Chehade's claims are **dismissed** with prejudice. Additionally, Plaintiff's Motion for Summary Judgment is **denied**; Defendant's Motion for Sanctions is **denied**; Plaintiff Chehade's Motion [for] Leave to Amend Complaint is **denied**; Plaintiff's Motion [for] Leave to

Answer Out of Time is **denied**; and Plaintiff's Motion to Extricate the Non-Federal Charges, Plaintiff's Motion to Answer Out of Time to the Defendant's Status Filing, Plaintiff's Motion for a Proceeding De Novo, Plaintiff's Motion for an Emergency (Injunctive) Relief and Compliance, Defendant Educational Commission for Foreign Medical Graduates's Motion for More Definite Statement, and Plaintiff's Motion to Freeze the Assets of the Defendant[] are **denied** as moot. Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 27th day of August, 2002.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge