ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. D
NORTHERN DIST  TEXAS

MAR 19 2003

CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-1301-L |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiff Jamal Elhaj-Chehade's ("Plaintiff") Response to the Judge's
Orders and Judgment, Plaintiff's Motion for Vacate the Orders/Judgment (Relief) and Plaintiff's
Motion for the Removal of Judges, filed August 30, 2002; Defendant's Response to Plaintiff's
Motion for Vacate the Orders/Judgment(relief) and Defendant Educational Commission for Foreign
Medical Graduates' ("Defendant") Motion for Sanctions, filed September 9, 2002; Plaintiff's
Response to the Defendant's Recent Filings and Their Response for Sanction, filed September 19,
2002; and Plaintiff's Notice of New Development and Reasserting His Request for the Vacation of
Orders and Removal of Judges/and Initiation of New Proceeding Under Different Judge, filed
December 9, 2002.  The court has reviewed the parties' motions and pleadings, the record, and
applicable law, and nothing persuades it that it should reconsider its earlier decision.  Accordingly,
Plaintiff's Motion for Vacate the Orders/Judgment (relief), Plaintiff's Motion for the Removal of
Judges, and Plaintiff's Notice of New Development and Reasserting His Request for the Vacation
of Orders and Removal of Judges/and Initiation of New Proceeding Under Different Judge are
**denied**; and Defendant's Motion for Sanctions is **granted** as herein stated.

Order - Page 1

## II.   **Background and Analysis**

The Fifth Circuit recognizes that a motion, such as the ones filed by Plaintiff, can be considered either as a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or as a motion for relief from judgment under Rule 60(b). *See Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) (en banc). The court determines which rule to apply depending on the date the motion is filed. Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). If the motion is filed after this time or within a reasonable time but not more than one year after the judgment, order, or proceeding was entered or taken, it is treated as a Rule 60(b). *See* Fed. R. Civ. P. 60(b) (the grounds for the motion determine which time limitation in Rule 60(b) applies).

In this case, the court determined in its August 27, 2002 order that Plaintiff's claims were barred by res judicata. The corresponding judgment, which dismissed with prejudice Plaintiff's cause of action, was entered on August 28, 2002. On August 30, 2002, Plaintiff filed his Response to the Judge's Orders and Judgment, Plaintiff's Motion for Vacate the Orders/Judgment (Relief) and Plaintiff's Motion for the Removal of Judges. Because these motions were filed within the ten-day time period allowed by Rule 59, the court construes them as a motion to alter or amend judgment under Rule 59(e). On the other hand, Plaintiff's Notice of New Development and Reasserting His Request for the Vacation of Orders and Removal of Judges/and Initiation of New Proceeding Under Different Judge was not filed until December 9, 2002, which is well after the time allowed in Rule 59(e) but within Rule 60(b)'s time limitation period. The court therefore construes this motion under Rule 60(b).

A Rule 59(e) motion to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). The Fifth Circuit has observed, however, that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). In exercising its discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale*, 45 F.3d at 921.

Rule 60(b), on the other hand, permits relief from a judgment on the grounds of:

(1) mistake; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) void judgment; (5) when the judgment is fully satisfied or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1)-(6). Although the rule does not specify the factors that justify relief, the Supreme Court has held that district courts may "vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). *See also Seven Elves, Incorp. v. Eskenazki*, 635 F.2d 396, 401 (5th Cir.1981). Despite this broad authority, Rule 60(b) should only be applied in "extraordinary circumstances." *Liljeberg*, 486 U.S. at 864.

In the present case, Plaintiff makes threatening remarks and accuses the court of having *ex parte* communications with Defendant. It is because of these alleged *ex parte* communications that Plaintiff argues the judgment entered by the court is null and void. The court disagrees.

Plaintiff's accusations are patently false and unsupported by any evidence. The court has never spoken with Defendant or anyone associated with Defendant regarding this case. The court

Order - Page 3

allows its staff to talk to attorneys and litigants regarding the court's procedures and settings. The court communicates through written orders or correspondence to *all* parties, because it desires to instill integrity and propriety in all judicial proceedings and minimize false accusations such as those made by Plaintiff. In this case, the court's staff spoke with Plaintiff and Defendant's attorney in response to inquiries made; however, the court participated in none of those communications.

Because none of the grounds implicated in Plaintiff's motions satisfies the requirements of Rule 59(e) or 60(b), the court declines to reconsider its previous decision and **denies** Plaintiff's Motion for Vacate the Orders/Judgment (Relief); Plaintiff's Motion for the Removal of Judges; Plaintiff's Notice of New Development and Reasserting His Request for the Vacation of Orders and Removal of Judges/and Initiation of New Proceeding Under Different Judge. In doing so, the court reminds Plaintiff that it did not create the facts, but merely accepted and applied them as they existed to the situation which had already been litigated in a previous suit.

The court also notes that Plaintiff has stated no adequate legal or factual basis that would require the court's recusal and reassignment of this case to another judge. The court understands that Plaintiff is upset by its ruling; however, his anger does not justify his making threats to the court or his seeking the court's removal. His remedy, if he believes the court ruled incorrectly, is to appeal the matter to the United States Court of Appeals for the Fifth Circuit.

### III.   Sanctions

In its Motion for Sanctions, Defendant maintains that Plaintiff has a long history of filing frivolous motions and relitigating issues that have been fully and finally determined in previous cases, and has disregarded court orders. Additionally, Defendant notes that Plaintiff's motion states that he does not intend to appeal this matter but instead intends to file a new lawsuit. Defendant

therefore requests that Plaintiff be sanctioned by preventing him from filing further suits against Defendant without prior approval of the court.

A district court may use its inherent power to impose sanctions for bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). The record reflects that Plaintiff filed this lawsuit, asserting the same claims he litigated in a prior lawsuit against Defendant. Those claims were fully and finally adjudicated and therefore barred the present suit and any subsequent suit by Plaintiff that involve the same operative facts that gave rise to the prior unsuccessful claims. Rather than appeal the court's decision in this action, Plaintiff has indicated that he intends to institute a new lawsuit against Defendant. Such conduct is designed solely to harass Defendant and constitutes an abuse of the judicial system.

Because Plaintiff has shown a propensity to file pleadings that unnecessarily impose litigation costs on Defendant and cause the court to expend scarce judicial resources, the court **grants** Defendant's Motion for Sanctions to the extent herein stated. The clerk of the court is hereby directed to **refer** any future pleadings or filings by Plaintiff that relate to the subject matter of this lawsuit against this Defendant, or any party in privity with Defendant, to United States Magistrate Judge Paul D. Stickney, who will determine whether Plaintiff will be allowed to file the proposed pleading or document. If Judge Stickney determines that the pleading or document should be filed, he shall direct the clerk to do so. If Judge Stickney denies the filing, the clerk **shall not file it.** Plaintiff may appeal any such denial to the district court as provided by law.

**Order - Page 5**

**It is so ordered** this _19th_ day of March, 2003.

Sam A. Lindsay
United States District Judge

**Order - Page 6**